## TEXAS EMPLOYERS' INS. ASS'N. v. MARTIN.  (No. 1550.)

Court of Civil Appeals of Texas. Beaumont. May 26, 1927.

**I. Master and servant ☞417(4½)—Timely notice by registered mail supported court's jurisdiction of suit to set aside award denying compensation.**

Giving of notice by registered mail within statutory time was sufficient to support district court's jurisdiction of suit to set aside award of Industrial Accident Board denying compensation.

**2. Master and servant ☞398—Pleading and proof of employee's physical inability to give notice of injury and prosecute claim in time raised issue of good cause (Rev. St. 1925, art. 8307, § 4a).**

Pleading and proof that employee was mentally and physically unable to give notice of injury and prosecute claim for compensation, within time required by Rev. St. 1925, art. 8307, § 4a, raised issue of good cause sufficient to waive compliance with limitation.

**3. Master and servant ☞385(11)—Evidence employee's leg was permanently injured held insufficient to raise issue of total permanent incapacity.**

Evidence that injured employee was permanently crippled and that his leg would never recover from injury *held* insufficient to raise issue of total permanent incapacity, in absence of evidence that his body was incapacitated because of injury to leg.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. Trial ⬷➡350(3)—Submission of issue of good cause for failure to file compensation claim within six months without restriction to cause pleaded held reversible error (Rev. St. 1925, art. 8307, §.4a).

In injured employee's suit to set aside award denying compensation, submission of issue whether good cause was shown for plaintiff's failure to file claim for compensation within six months, as required by Rev. St. 1925, art. 8307, § 4a, *held* reversible error as authorizing affirmative answer, on plaintiff's testimony that he did not attribute injury to bruising of knee by stapling machine until long after expiration of such time, whereas only excuse pleaded was his mental and physical incapacity to file claim in time.

5. Trial ⬷➡232(2)—Charge must limit jury to pleadings in answering issues.

Charge must be so worded as to limit jury in answering all issues to pleadings of parties.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by D. C. Martin against the Texas Employers' Insurance Association to set aside an award by the Industrial Accident Board denying plaintiff compensation for injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Morris, Sewell & Morris, of Houston, for appellant.

C. E. Smith, of Woodville, and Rose & Johnson, of Port Arthur, for appellee.

WALKER, J. [1] This suit was instituted by appellee against appellant to set aside an award made by the Industrial Accident Board denying him compensation, and resulted in a judgment for him as for a permanent total incapacity. He alleged that while in the employment of the Texas Company he received injuries resulting in total permanent incapacity. On his allegations he was operating a stapling machine for the Texas Company, and in so doing bruised his knee, which resulted in the incapacity for which he sued. By its answer appellant put in issue: (a) The jurisdiction of the district court to review the award; (b) the cause and result of the injury; (c) the failure of appellee to give due notice of his injury and claim for compensation; and (d) the right of appellee to recover on the theory of total permanent incapacity.

- The following conclusions dispose of this appeal:

(a) The giving of notice by registered mail, which appellant admits was duly given and duly received within the statutory time, was sufficient to support the jurisdiction of the district court. Harris v. Texas Employers' Insurance Association (Tex. Civ. App.) 257 S. W. 998; Ætna Life Insurance Co. v. Graham (Tex. Civ. App.) 279 S. W. 923.

(b) The evidence was sufficient to show that appellee suffered an accidental injury in the course of his employment and that his incapacity was the result of such injury.

[2] (c) As an excuse for not giving notice of his injury within 30 days and prosecuting his claim for compensation within 6 months, as required by article 8307, § 4a, R. C. S. appellee pleaded that he was mentally and physically unable to give the notice and to prosecute his claim. There was evidence to support these allegations. This pleading and proof raised the issue of "good cause," which, by the provisions of the cited article, was sufficient to waive the compliance with the limitation as to notice. Consolidated Underwriters v. Seale (Tex. Civ. App.) 237 S. W. 642.

[3] (d) Appellant excepted to the submission of the issue of total permanent incapacity on the ground that it was not raised by the pleadings nor sustained by the evidence. In view of the fact that the case must be reversed on other errors, we do not express an opinion on the sufficiency of the pleadings on this issue of total permanent incapacity, but the pleadings on this issue are of such doubtful construction that we suggest an amendment on another trial. Appellant may be right in its construction of appellee's petition. As appellee is to have the right to amend on another trial, it would serve no useful purpose to review further the allegations. The evidence did not raise the issue of total permanent incapacity. It went only to the extent that appellee was a permanent cripple and his leg would never recover from the injury. There was no evidence incapacitating the body because of the injury to the leg. As we construe the evidence, it related only to the loss of the leg, thereby constituting a claim for compensation on the basis of a specific injury. The facts of this case do not bring it within the rule announced by us in Millers' Indemnity Underwriters v. Cahal, 257 S. W. 957, and Insurance Co. v. Anders, 292 S. W. 265, and Insurance Co. v. Frederick, 295 S. W. 301 (not yet [officially] published). The evidence on this issue was not fully developed.

[4] (e) The issue of good cause was submitted as follows:

"Do you find from the evidence that a good cause is shown for the failure of plaintiff to file claim within six months?"

By its proposition appellant assigns this charge as error:

"It was error to submit said issue to the jury as above, for the reason that the only excuse pleaded as to why plaintiff did not file his claim within six months was the fact that during said period he was laboring under a physical and mental disability, whereas the question as submitted would permit the jury to go beyond the pleadings and to find some other good excuse, not plead, as an excuse, and appellant objected to the issue on that ground."

---

[5] In addition to the proof in support of his allegations of mental and physical incapacity to give notice, appellee testified that he did not attribute his injury to the bruising of his knee by the stapling machine until long after the expiration of the time allowed by law for giving the notice. In the Seale Case, supra, we recognized this as a ground for "good cause," but appellee did not plead this as a basis for his "good cause." By the charge the jury were instructed to find from the evidence whether good cause was shown. This charge put this evidence in issue, and it is to be presumed that it was weighed by the jury in reaching an affirmative answer to the question. The jury could have disbelieved all the evidence offered by appellee on the issue of mental and physical inability to give the notice, and yet, under the charge of the court have returned an affirmative answer on the ground that he did not attribute his incapacity to the injury inflicted by the stapling machine until after the statutory time for giving notice. Had they disbelieved the evidence on the issue pleaded, but returned their answer on a finding that he did not attribute his injury to the stapling machine, the verdict, while supported by the evidence, would have had no foundation in the pleadings, and therefore would be insufficient to sustain a judgment in appellee's favor. This charge was affirmative error and requires a reversal of the case. The charge must be so worded as to limit the jury in answering all issues to the pleadings of the parties. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882.

Reversed and remanded.