## NEW AMSTERDAM CASUALTY CO. v. SCOTT.

### No. 1015.

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1932.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, for appellant.

Grisham, Patterson & Grisham, of Eastland, for appellee.

HICKMAN, C. J.

This suit arose under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), and was filed by appellee in the court below to set aside an award of the Industrial Accident Board. Due notice of his intention not to abide by the award was given by appellee, and the suit was filed in the district court of the county where the injury occurred within the statutory time. Appellee alleged that, on June 16, 1928, while he was in the course of his employment as an employee of Arab Gasoline Corporation, a bolt dropped from a pulley about twelve feet above him, struck him on the back of his head, inflicting a wound sufficient to break the skin; that he was temporarily stunned by the blow, but within fifteen minutes returned to his work and continued from day to day to perform his work until on or about the 10th day of April, 1930; that during all of that period he experienced some pain and discomfort from the injury, and daily applied medicine prescribed by a physician to the injured part; that the wound refused to heal, and on or about March 1, 1930, he began to have fever each day and continued to do so as a result of said injury until on or about the 11th day of April, 1930, when he was forced and compelled to quit work, and was thereafter sent to a specialist in Dallas for an examination. On the 22d day of April, 1930, he was advised by the specialist that a cancer had developed on his head, "and plaintiff says that said cancer is incurable, and that, as a result of same, and as a direct and proximate result of the injury which he received in the course of his employment and in line of duty on the afternoon of June 16th, 1928, this plaintiff is totally and permanently disabled and incapacitated to do and perform labor, and that he has been totally and permanently incapacitated at all times subsequent to and inclusive of the 11th day of April, 1930."

The case was submitted to a jury on special issues, and, upon the answers to such issues, judgment was rendered in favor of appellee against appellant for $6,439.19 in a lump sum for total permanent incapacity.

Special issue No. 5 of the court's charge was as follows: "Do you find, from a preponderance of the evidence, that the plaintiff had good cause for his failure, if any, to file claim for compensation with the Industrial Accident Board within six months after his injury, if any?" To which the jury answered "Yes."

To this issue, as submitted, the appellant

timely presented, among others, the following objection and exception: "Defendant objects and excepts to special issue No. 5 and the submission thereof to the jury, for the reason that the said issue fails to confine the jury in its answer thereto, to consideration of those things pleaded by the plaintiff as good cause for his failure to file claim for compensation within six months after the date of his injury, if any."

The claim was filed with the Industrial Accident Board on October 13, 1930, more than two years after the accident. The good cause pleaded by appellee for not sooner filing his claim was, in substance, that he did not believe that said injury would result in his incapacity in any degree until in April, 1930. Upon the trial he was permitted by the court, over the objection of appellant, to testify as to other matters of good cause, consisting of his belief, based upon statements made to him by his employer's superintendent, that he had written, or would write, the board about it, and because of such representations, and relying upon the superintendent to do so, the appellee did not file any claim. Clearly the issue, as submitted, did not confine the jury, in its answer thereto, to a consideration of the facts pleaded by appellee as showing good cause for his failure to file a claim within six months, and the good cause found by the jury may have been one not pleaded at all. In this condition of the record it was error not to limit the jury in its answer to a consideration of those facts pleaded as constituting good cause. The jury should not have been left at liberty to find a good cause different from that pleaded. Texas Employers' Ins. Ass'n v. Martin (Tex. Civ. App.) 296 S. W. 639.

The issue, as submitted, was subject to another objection which is urged here. By it the jury was called on to determine, not whether appellee had a good cause for his failure to file the claim at an earlier date than that upon which he actually filed it, but whether he had good cause for his failure to file same within six months after his injury. More than two years elapsed between the date of the accident and the date of the filing of the claim. A good cause may have existed during the first six months after the accident, but that fact alone would not excuse the delay of more than two years. The issue should have inquired whether good cause existed for failure to file the claim at an earlier date than same was actually filed. Holloway v. Texas Indemnity Insurance Co. (Tex. Com. App.) 40 S.W.(2d) 75.

We doubt whether any one of appellant's many objections to the court's charge was sufficiently specific to present this question, but, since the case must be reversed on the assignment above discussed, we have expressed our views on this latter question for the guidance of the trial court upon a retrial of the case.

As we understand appellee's position, he concedes error in the particulars above pointed out, but contends that no harm resulted to appellant therefrom, because the issue should not have been submitted to the jury in the first place. He now claims that the injury was not received on June 16, 1928, but that the date of the injury was "April 22nd, 1930, or April 13th, 1930, or in any event, April 12th, 1930." The argument is therefore made that he did, in fact, file his claim within six months after the injury. This contention is based upon the theory that "accident" and "injury" are not synonymous terms under the Workmen's Compensation Law, and that he suffered no injury so long as he was able to pursue his labor in the usual and customary manner. His brief contains a very able and interesting argument on this theory, but we are not called upon to discuss same, for the reason that it is not the theory upon which the case was pleaded, tried, and submitted in the court below. No rule of appellate procedure is better established than that parties are restricted in the appellate courts to the theory on which the case was tried in the lower court. 3 Tex. Jur. § 111, p. 168 et seq. As is well said in Boatner v. Providence-Washington Ins. Co. (Tex. Com. App.) 241 S. W. 136, 140: "The law forbids the assumption of an attitude on appeal inconsistent to that taken at the trial." The record in this case leaves no doubt as to the theory on which the case was tried below. The petition on which appellee went to trial contains this paragraph: "Plaintiff says that he did not make claim for compensation before the Industrial Accident Board within six months from the date of said injury, but that he had good cause and good reason for not doing so, which will hereinafter more fully appear."

All of the petition is in harmony with that allegation, and much of the evidence contained in the statement of facts was offered to establish the fact that good cause existed for not filing the claim within six months from June 16, 1928. In submitting the case to the jury, the same theory was adopted. The first issue was as follows: "Do you find, from a preponderance of the evidence, that the plaintiff C. C. Scott sustained an injury on the 16th day of June, 1928, while he was working for the Arab Gasoline Corporation in the course of his employment?" To which the jury answered "Yes."

The second issue called upon the jury to determine whether or not the plaintiff had been totally incapacitated to labor as a result of the injuries, if any, that he received on the 16th day of June, 1928. The third special issue inquired as to whether the injuries received by him on the 16th day of June, 1928, were permanent.

Appellant has not had its day in court on the issue of its liability for injuries received by appellee in April, 1930. It would be manifestly a violation of the well-established principle of appellate procedure above stated for this court to affirm the judgment of the lower court in this case on the theory now advanced. By what has been stated we do not wish to be understood as holding that the theory relied upon by appellee in this court would have been a correct one if the case had been pleaded and tried on that theory below. We do not pass on that question.

Reversed and remanded.