## TEXAS EMPLOYERS' INS. ASS'N v. FULKES et al.

### No. 2513.

Court of Civil Appeals of Texas. Beaumont.
Oct. 13, 1934.

Rehearing Denied Oct. 31, 1934.

Sewell, Taylor, Morris & Garwood, of Houston, for appellant.

Guynes & Colgin, of Houston, for appellees.

COMBS, Justice.

This is a suit for compensation under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. art. 8306 et seq.), and arose by reason of injuries sustained by appellee Paul Fulkes on July 4, 1929, in an automobile accident which happened in Harris county while he and his family were

en route from Houston to Kemah, Tex. Fulkes was employed by Johnson Motor Company of Houston as an automobile salesman, and appellant was the compensation insurance carrier.

While en route to Kemah, the automobile being driven by Fulkes collided with an automobile owned by Mike Hogg of Houston, which automobile was being driven at the time by some negroes. Fulkes sustained serious injuries to his chest, side, and body generally, and his left thigh bone and hip were broken.

Fulkes was in the hospital 5 months and 4 days, and was under the care and treatment of a physician for 12 or 14 months thereafter.

He alleged that he was totally disabled for 16 months, following which his disability was permanent to the extent of 50 per cent.; that his earnings for several years prior to his injuries had been approximately $5,232 per year; he further alleged that he incurred bills for doctors and hospital services in the sum amounting to $1,134 as a result of his injuries.

Fulkes did not file a claim for compensation until August, 1930, some 14 months after his injury. The notice of injury had been promptly given by his employer. He pleaded two grounds of good cause for his failure to file the claim within 6 months: First, that he was in the hospital more than 5 months and in a serious condition and under the treatment of a doctor for some 14 months afterwards, and that he was physically unable to file his claim until it was filed; and, second, that soon after his injury J. H. Wilson, assistant manager of the company for which he was working, came to the hospital to visit him, and advised him that he had filed the necessary notices, claims, etc., necessary to be filed, and stated that he would look after the insurance, and that he, in good faith, relied upon such statements, believing that the claim had been filed, until he employed his attorney just before the claim was filed.

His prayer was for compensation at the rate of $20 per week for 401 weeks from the date of his injury, and, in the alternative, for $20 per week for 74 weeks' total disability.

The trial was to a jury, and, upon the jury's answers to special issues, the trial court entered judgment for plaintiff setting aside the award of the Industrial Accident Board in favor of the defendant and awarding plaintiff and his attorneys sums for several specific injuries and disabilities and for doctors' services, hospital bills, an aggregate amount of $5,790.97, one-third of which was awarded to the attorneys as a fee in the case.

By propositions 1 and 2 appellant complains of the court's submission of the issue of good cause. It will be noted that the plaintiff pleaded two specific grounds for good cause. These were strongly controverted by the defendant by both pleading and proof. The court submitted the issue by the following special issue:

"Has the defendant, Paul Fulkes, shown by a preponderance of the evidence good cause for not filing his claim for compensation with the State Industrial Accident Board prior to the 25th day of August, 1930? Answer he has or he has not as you find the facts to be."

In connection with the issue the court defined good cause as follows: "By the term good cause as here used, is meant that the claimant has used in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as he was, would have used under the same or similar circumstances."

The jury answered the issue, "He has."

Appellant contends that, since the claimant alleged certain definite and specific reasons for not filing his claim for compensation within 6 months after his injury, it was the duty of the court to submit special issues to the jury inquiring whether or not the reasons alleged for not filing the claim actually existed, and that it was error upon the part of the trial court to submit the issue generally without confining the jury to the causes pleaded. Defendant made timely objection to the manner of the submission of the issue and objected to the definition of good cause as being a general charge. We think the court's submission of the issue was clearly erroneous.

In view of another trial, we will not set out and discuss the evidence, but will say that both specific grounds of good cause pleaded by the plaintiff were strongly controverted. It is also clear from the evidence that, in answering the general issue submitted, the jury might have based their finding of good cause upon matters other than the specific grounds pleaded. In submitting the question of good cause for plaintiff's failure to file the claim, the court should have limited the jury's consideration to the specific grounds of good cause alleged. Texas Employers' Ins. Ass'n v. Martin (Tex. Civ. App.) 296 S. W. 639; New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175.

Other grounds of error are assigned, but, since the case must be remanded for a new trial upon the ground discussed, we do not discuss the other assignments. The case will therefore be reversed and remanded.