### WALTON v. WEST TEXAS UTILITIES CO.

### No. 2259.

Court of Civil Appeals of Texas. Eastland.

March 27, 1942.

Rehearing Denied April 24, 1942.

Grisham & Grisham, of Eastland, for appellant.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellee.

FUNDERBURK, Justice.

This is a suit brought by C. E. Walton against West Texas Utilities Company to recover damages for alleged false imprisonment, first, in the city jail at McAllen, Texas; second, in the county jail at Edinburg, Texas; and third at Timberlawn Sanitarium, at Dallas, Texas. Plaintiff was an employee of Defendant and, as such, was protected by employer's compensation insurance, the Travelers Insurance Company being the insurance carrier for said employer. On or about May 20, 1940, plaintiff fell and sustained an injury, one of the effects of which apparently was a condition of amnesia lasting for two or three days. Plaintiff alleged he regained consciousness shortly before reaching McAllen, Texas, on a bus, and at the latter place went to the police station and procured the night policeman in charge to phone H. H. Monk, District Manager of defendant in Cisco, reporting his presence and condition; that said officer, upon Monk's instruction, locked plaintiff in jail; and next day he was transferred to the county jail at Edinburg in pursuance of a suggestion of the officer that said county jail was a better place for plaintiff than the city jail at McAllen; that employees of defendant took plaintiff from the county jail first to a hotel and then to a hospital in Edinburg, at which latter place he received medical examination and treatment; that enroute home to Cisco, at San Antonio, upon direction of defendant, acting by the said Monk, plaintiff was placed upon a train and taken to Dallas by one of defendant's employees and there delivered to Timber-

lawn Sanitarium, where plaintiff was further unlawfully imprisoned. Plaintiff prayed for the recovery of damages in the sum of $50,000—$25,000 actual and $25,000 exemplary damages.

In a jury trial a verdict upon three special issues was returned for defendant. The jury found (1) that said H. H. Monk, District Manager of West Texas Utilities Company, did not direct that plaintiff be removed from San Antonio and placed in Timberlawn Sanitarium; (2) that on or about May 24, 1940, C. E. Walton was referred to Travelers Insurance Company by West Texas Utilities Company as its compensation carrier, for medical care and treatment; and (3) that Travelers Insurance Company employed Dr. Guy F. Witt to care for and treat C. E. Walton. All other issues were submitted conditionally, the conditions being such that the jury, having answered the three questions as above stated, the others required no answer.

From the judgment for defendant based upon such verdict plaintiff has appealed.

Appellant will be referred to as plaintiff, and appellee as defendant, the same as in the trial court.

■ Plaintiff contends, in the first place, that the court erred in refusing to give his requested special issue No. 1, reading: "Do you find from a preponderance of the evidence that the plaintiff was imprisoned at McAllen at the request of H. H. Monk?" It is our conclusion that for more than one reason, the court did not err in refusing to submit that question as an issue. Even if the question as stated should have been submitted if properly requested, it was but part of a single request to submit three questions. Special issues are required to be submitted "separately." Rule 277, Texas Rules of Civil Procedure. When special issues are requested to be submitted they should be tendered in such form that each may separately be given, refused, or modified and given, without reference to the court's action upon the others. Such is the effect of the requirement that special issues be submitted "separately", and that when "the trial judge refuses the same, he shall indorse thereon 'Refused,' and sign the same officially" and that "If the trial judge modifies the same he shall indorse thereon 'Modified as follows: (stating in what particular he has modified the same).'" Rule 276, Texas Rules of Civil Procedure. If more than one issue is embraced in a single request, then the judge, in determining whether a particular issue should be given or refused, etc., must consider whether all others should be given or refused, etc., or else he must rewrite them in order to make the required separation and proper indorsement of his action upon each. In our opinion, the action of the court in refusing to submit a requested special issue should not be held to be error when it was included in a single request to submit a number of issues together. Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849, 852.

■ In the next place, we are of the opinion that the evidence did not raise an issue that plaintiff's being locked in the city jail at McAllen constituted false imprisonment by defendant. If such issue was raised, it was only because of the testimony of plaintiff as follows: "After that conversation [over the telephone between the night policeman and H. H. Monk, District Manager of Defendant] that policeman locked me up ·in jail immediately. I told the policeman he would have to put me in jail if that was his instructions as I had no way of saying 'No', the man had on a gun. * * * After I had returned to Cisco from Timberlawn Sanitarium, Mr. Monk told me right over his desk in his Cisco office, he said 'Charlie, I guess I am responsible for you being put in jail at McAllen. I didn't know what else to do with you.'" Plaintiff did not testify directly, nor otherwise, except as implied in the above, that the night policeman, who in his presence and at his request talked over the telephone to Monk, told plaintiff that Monk requested that plaintiff be put in jail. Plaintiff heard the same officer testify in court that plaintiff came to the police station, told him and another officer that he did not know how he got there; that [purported to quote plaintiff] "I am here and my head is hurting and I would like to have you take care of me"; that "he wanted a place to lay down"; that "he was afraid he might go off again and wanted us to take care of him"; that "he wanted to stay somewhere, he was tired and worn out." That after placing the telephone call to Monk and before he talked, he asked plaintiff if he felt confident to sit around there as he would have to leave on a patrol duty in a short time, or if he (plaintiff) wanted to be placed inside, and plaintiff replied that "he wanted me to lock him up for he did not know whether he would go off again or not."

Concerning said telephone conversation with Monk in plaintiff's presence, plaintiff heard said officer testify "I told Mr. Monk * * * that Mr. Walton was at the jail in McAllen; that he said he didn't know how or why he was there"; that "Mr. Monk spoke back at once and said that we have been looking all over the State of Texas for him and asked how he was. I told him the complaint he had and that he was afraid he might go off again." That Mr. Monk told him "Mr. Walton is a mighty nice man, a good Christian young man and for me to do everything I could and hold him there; said he had not done anything criminal, but had an accident."

Not one word of this detailed and positive testimony did the plaintiff take the stand to deny, or, concerning same, to raise a real issue of veracity. Under the state of facts which plaintiff himself strongly corroborated, Monk had the right to assume that any detention of plaintiff was to be with his consent. The jury would not have been warranted, in our opinion, in finding that plaintiff was imprisoned either at the direction of Monk, or not, against his will.

In the third place, the requested issue as stated entirely omitted the essential element of want of consent and would for that reason have been improper to be given, even if the issue had been raised by the evidence.

There is no question, we think, of an independent false imprisonment in the county jail at Edinburg. Plaintiff heard the jailer, Todd, testify, among other things, the following: "I asked Mr. Walton if it was his request to be locked up and he said it was. He said he had lost his memory and did not know how he got in that country and was complaining of the back of his head and neck hurting. I asked him if he wanted a doctor and he said 'No' and said his friends from the West Texas Utilities would be down there and they would take care of him." He did not deny that that was true. Plaintiff himself testified that he consented to be taken to the county jail in Edinburg as an alternative to staying in the jail at McAllen. Hence, we say, so far as we can see, no independent issue was raised as to plaintiff's confinement in the jail at Edinburg.

We think it very doubtful whether the evidence raised an issue as tendered in plaintiff's petition to the effect that defend-

ant, through its District Manager, Monk, caused plaintiff to be delivered to Timberlawn Sanitarium in Dallas, in the sense of being a party to a false imprisonment. Rather, it seems to us, that the evidence was conclusive that the Travelers Insurance Company, the compensation insurance carrier for defendant, had plaintiff placed in said institution in pursuance of a duty owing plaintiff and was wholly responsible therefor. However that may be, an issue substantially as pleaded was submitted to the jury and found for the defendant. We approve the submission, as against the criticisms made of the same.

The other questions presented are, it is believed, either answered by the foregoing or are shown to be of no controlling importance in the disposition of the case.

Being of the opinion that no error is shown, and that the judgment should be affirmed, it is accordingly so ordered.