# Texas Employers Insurance Association v. Arthur Lee Frankum.

No. A-2047. Decided April 27, 1949.
Rehearing overruled June 1, 1949.
(220 S. W., 2d Series, 449.)

*Morris, Underwood & Oldham,* of Houston, for petitioner.

The jury having found plaintiff partially and permanently disabled as a result of the injuries sustained in the course of his employment, and having further found that a major portion of his disability resulted for a second injury received outside his employment and while at home, it was error for the trial court to disregard such finding and award judgment for plaintiff resulting from the second injury. It was also error for the Court of Civil Appeals to affirm that judgment. It was also error for the trial court to submit a special issue inquiring whether the plaintiff had a good cause for delaying the filing of his claim for compensation with the Industrial Accident Board for over a year when the statute requires that it be filed within six months, without limiting the jury to a consideration of the facts established by the evidence as constituting good cause. Texas Indm. Ins. Assn. v. Burnett, 105 S. W. (2d) 200; Johnson v. Employers Lia. Assur. Corp., 131 Texas 357, 112 S. W. (2d) 449; Harkey v. Texas Emp. Ins. Assn., 146 Texas 504, 208 S. W. (2d) 919.

*F. Warren Hicks*, of Houston, for respondent.

It was not error for the trial court to award compensation for plaintiff based upon the jury's findings that the disability was the result of the accident of December 10, 1943. Neither was it error for the trial court to submit the issue upon whether plaintiff had good cause for his delay in filing his claim, without limiting the jury to a consideration of the facts established by the evidence, since the evidence does not suggest the existence of any reason other than that alleged in plaintiff's petition. Hood v. Texas Indm. Ins. Co., 146 Texas 522, 209 S. W. (2d) 344; Georgia Casualty Co. v. Gibson, 11 S. W. (2d) 191; Texas Emp. Ins. Assn. v. Jones, 70 S. W. (2d) 1014.

MR. JUSTICE SHARP delivered the opinion of the Court.

Arthur Lee Frankum brought this action against Texas Employers' Insurance Association to recover compensation under our Workmen's Compensation Statutes (Vernon's Texas Civil Statutes, 1948, Article 8306 et seq.), for an injury received by him while working in Houston, Texas, on December 10, 1943, while in the employ of Earl McMillian Company. The cause is before this Court for the second time, the first appeal having resulted in a reversal of the judgment of the lower courts and a remanding of the case, because of the vice in the jury's verdict in failing to respond properly to the special issue regarding earning capacity subsequent to the time of the injury. 145 Texas 658, 201 S. W. (2d) 800. The trial court entered judg-

ment in favor of Frankum for $28.70 per week for 300 weeks, sixty per cent. of which is $17.22, and this judgment was affirmed by the Court of Civil Appeals. 215 S. W. (2d) 899.

Respondent based his suit solely on the injury received on December 10, 1943. The record reveals that Frankum sustained two other injuries between the time of the injury sued for and the time of the trial of the cause. He was injured while at his home on July 29, 1944, and again on October 18, 1944, while at the place of business of his employer. The second trial before a jury resulted in the following findings:

1. That Frankum did not sustain any total incapacity to work on account of injuries received by him on December 10, 1943, while in the employ of Earl McMillian Company.

2. That Frankum has suffered or will suffer partial incapacity to work as a result of the injury sustained by him on December 10, 1943.

3. That such partial incapacity began on December 10, 1943.

4. That such partial incapacity is permanent.

5. That Frankum's working capacity during the existence of such partial incapacity was $39.00 per week.

6. That the incapacity suffered by Frankum since July 29, 1944, is caused in part by the injury received by him at his home on July 29, 1944.

7. That the incapacity which Frankum has suffered since July 29, 1944, is not caused solely by the injury received by him at his home on or about July 29, 1944.

8. That Frankum's average weekly wage earning capacity since July 29, 1944, had the injury of July 29, 1944, not occurred, was $65.00 per week.

9. That the incapacity suffered by Frankum since October 18, 1944, is caused in part by such injury.

10. That the incapacity which Frankum has suffered since October 18, 1944, is not caused solely by such injury.

11. That Frankum's average weekly wage earning capacity since October 18, 1944, had the injury to him on that date not occurred, was $52.00 per week.

12. That Frankum had good cause for delaying the filing of his claim with the Industrial Accident Board from December 10, 1943, until December 23, 1944.

This suit was brought by Frankum to recover compensation for an injury received December 10, 1943, in his employer's place of business, which he claimed was the producing cause of all of his disability. He was again injured on July 29, 1944, at his home, outside the course of his employment, and the jury found that a greater part of his disability was produced by this second injury. He was again injured on October 18, 1944, and the jury found that a part of his disability was produced by this third injury.

Petitioner contends that, the jury having found plaintiff partially and permanently disabled as a result of the injury sustained in the course of his employment, but having further found that a major portion of his disability resulted from a second injury which he received outside the course of his employment at his home, it was error for the trial court to disregard such finding, and to award the plaintiff compensation for disability resulting from the second injury.

The evidence relating to the cause of the injury received by respondent on July 29, 1944, is sharply conflicting. The evidence shows that respondent was first injured on December 10, 1943, and continued to work for his employer after this injury until July 29, 1944, when he was again injured in some kind of a tussle or wrestling match at his home, outside the course of his employment. Following the second injury he was taken to the hospital, where he had an operation on his back. The doctor who performed the operation testified that in his opinion the disability resulted from the second injury, and not from the first. Petitioner contends that respondent's incapacity was produced solely by the second injury,—or, in the alternative, that a greater part of respondent's incapacity was produced by the second injury. Respondent contends that the injury received on July 29, 1944, caused a recurrence or aggravation of the previous injury to his back, which injury had been troubling him all the time since it occurred. The trial court entered its final judgment based upon the jury's answers to certain issues and also in part upon its own findings from the pleadings and the evidence, disregarding the jury's answers to Issues Nos. 11, 12, 14, and 15, and entered judgment for respondent for compensation at $17.22 per week for 300 weeks.

Petitioner points out that the jury found, in answer to Issues Nos. 11, 12, 14, and 15, that respondent's disability had been caused in part both by the second and third claimed injuries of July 29, 1944, and October 18, 1944, respectively; and that but for such injuries after July 29, 1944, he would have

had a reduction in his earning capacity of the difference between $67.70 and $65.00 per week, or a total reduction of $2.70 per week; whereas but for the injury sustained on October 18, 1944, his earning capacity would have been reduced from $67.70 per week to $52.00 per week, or a total reduction of $15.70 per week. Petitioner also contends that the greater portion of respondent's incapacity resulted from the second and third injuries, rather than from the first injury sustained on December 10, 1943, upon which he sued and upon which, according to the undisputed proof, he recovered.

■ The jury found that Frankum suffered a permanent partial incapacity from December 10, 1943. It also found that the incapacity of Frankum is caused in part from the injuries suffered by him on July 29, 1944, and October 18, 1944, but that the incapacity which Frankum has suffered since July 29, 1944, and October 18, 1944, is not caused solely by such injuries. Petitioner contends that after making the deductions found by the jury as to respondent's earning capacity before and after the injuries received by him, he suffered a reduction in earning capacity of only $2.70 per week from and after the date of his second injury, and sixty per cent. of this sum would have been the correct rate of compensation to be awarded respondent after July 29, 1944. There is no jury finding that the injury suffered by Frankum on July 29, 1944, was received in some kind of a tussle or wrestling match. The jury did find that it caused in part the incapacity suffered by him, and respondent contends that there was sufficient evidence to sustain the trial court's judgment on an implied finding that the alleged injury of July 29, 1944, was but a recurrence or aggravation of the injury of December 10, 1943. If it be true that the injuries received by Frankum on July 29, 1944, and October 18, 1944, merely contributed to produce his permanent partial incapacity, and that sufficient issues were submitted to the jury upon this question, and it answered same to that effect, then respondent would be allowed to recover for his permanent partial incapacity caused from the injury received on December 10, 1943. In the case of Hood v. Texas Indemnity Insurance Co., 146 Texas 522, 209 S. W. (2d) 345, 348, this Court said:

" * * * under the Workmen's Compensation Law the injury need not be the sole cause of the disability. If it is a producing cause, the employee is entitled to full compensation to the extent of such disability, even though other factors also contribute to the disability. Texas Indemnity Insurance Company v. Staggs, 134 Texas 318, 134 S. W. (2d) 1026; Texas Employers' Insurance Association v. Parr, Tex. Comm. App., 30 S. W. (2d) 305."

However, in view of the findings of the jury to the issues submtited to it, we have serious doubt that the trial court was justified in disregarding the answers of the jury to Issues Nos. 11, 12, 14, and 15 and rendering the judgment in favor of respondent. Since the judgments of the trial court and Court of Civil Appeals must be reversed on another point, and the precise point above referred to may not arise again in this case, we will not discuss the point further.

■ Petitioner further contends that the trial court erred in submitting to the jury an issue as to whether respondent had good cause for failing to file his claim for compensation with the Industrial Accident Board from December 10, 1943, until December 23, 1944, over petitioner's objection that the issue does not limit the jury to the consideration of the facts alleged by the respondent and to the evidence introduced and relied upon by respondent as constituting good cause for his delay. The trial court submitted the following issue, to which the jury answered "Yes":

"Special Issue No. 9.

"Do you find from a preponderance of the evidence that plaintiff had good cause for delaying the filing of his claim for compensation with the Industrial Accident Board from December 10, 1943, until December 23, 1944.

"Answer: 'Yes' or 'No.'

"By the term 'good cause' as here used is meant that the claimant has used in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as he was, would have used under the same or similar circumstances."

Petitioner objected to the submission of Issue No. 9, on the ground that "such issue does not limit the jury to a consideration of the facts pleaded by the plaintiff as constituting good cause, nor does it limit the jury to the facts established by the evidence as constituting good cause."

Respondent admits in his pleadings that he did not file his formal claim for compensation with the Industrial Accident Board within six month after his injury. He alleged that a good cause existed for his delay in filing the claim, substantially for the following reasons: (a) That he notified his superintendent and foreman of his injury; (b) that the doctor representing the Insurance Company treated him and told him that he did not have an injury to his back; (c) that the doctor told him there was no need to return for further treatment, that he was able

to return to work; (d) that he returned to work although his back continued to bother him, but he was unable to do heavy work; (e) that relying on the statements made by the Insurance Company's doctor, and not knowing the seriousness of his injury until sometime in 1944, when he underwent an operation, he did not file his claim until he was advised by a doctor of his own choice that he had a serious injury.

Under the general charge given in connection with Issue No. 9 the jury was permitted to consider, in making answer thereto, any and all reasons which it thought gave respondent a good cause for the delay in filing his claim. The jury was not limited to a consideration of the facts alleged and proved by respondent as constituting good cause for the delay in filing his claim. Under the charge the jury was permitted to go completely outside the pleadings and the evidence to find any fact to excuse or justify the delay of respondent in filing his claim.

The law authorizes a claimant to allege and prove a good cause for not filing a claim within six months after the occurence of an injury. Article 8307, Section 4a, Vernon's Texas Civil Statutes, 1948. Respondent alleged several grounds for his failure to file his claim within six months; for instance, he alleged that he notified his superintendent of his injury. Certainly this ground alone would not constitute a good cause for failure to file his claim. The issue as submitted did not confine the jury, in its answers thereto, to a consideration of the facts pleaded by respondent as showing good cause for his failure to file his claim with the Industrial Accident Board within six months after his injury, and the findings of the jury may have been based upon a ground not pleaded at all, or upon some ground that would not constitute a good cause. There is no way of knowing what factors the jury took into consideration in answering the issue in the affirmative. The trial court must not submit any factor which does not constitute good cause. Petitioner made timely objection to the manner of the submission of the issue. We think the trial court's submission of the issue was erroneous. Texas Employers' Insurance Assn. v. Fulkes, Tex. Civ. App., 75 S. W. (2d) 320; writ of error refused; New Amsterdam Casualty Co. v. Scott, Texas. Civ. App., 54 S. W. (2d) 175, writ of error refused; Texas Employers' Insurance Assn. v. Martin, Texas Civ. App., 296 S. W. 639; Maryland Casualty Co. v. Merchant, Texas Civ. App., 81 S. W. (2d) 794; 41 Tex. Jur., p. 1090, sec. 268, and p. 1093, sec. 269.

The case of Texas Employers' Insurance Co. v. Fulkes, supra,

writ of error refused, involved the construction of a charge identical with the one in this case, and it was condemned or declared erroneous by the Court of Civil Appeals, and the following language was approved by this Court: "In submitting the question of good cause for plaintiff's failure to file the claim, the Court should have limited the jury's consideration to the specific grounds of good cause alleged. Texas Employers' Insurance Assn. v. Martin (Tex. Civ. App.) 296 S. W. 639; New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.), 54 S. W. (2d) 175."

The judgments of the trial court and Court of Civil Appeals are reversed, and this cause is remanded to the trial court for further proceedings.

Opinion delivered April 27, 1949.

Rehearing overruled June 1, 1949.