**TEXAS GENERAL INDEMNITY CO. v. McNEILL.**

No. 4885.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 17, 1953.

Fountain, Cox & Gaines, Houston, Lewis Lanier, Jasper, for appellant.

Faver & Barnes, Jasper, for appellee.

PER CURIAM.

This is an appeal from a judgment in the district court of Jasper County in a workman's compensation case. On the verdict of a jury, judgment was for appellee, John

R. McNeill, against appellant, Texas General Indemnity Company, for total temporary disability for 123 weeks.

Appellee McNeill was accidentally injured in the course of his employment for Kirby Lumber Company at its sawmill at Call, in Jasper County, on October 28, 1950. He was injured when he fell against a machine called the "hog throat" or "hogging machine" and hurt the front portion of his right side. He was paid compensation by the appellant for two weeks, returned to work three weeks after the accident and then became physically unable to work. He was treated by Dr. Moore in Kirbyville for a heart attack in November, 1950. Dr. Moore had treated appellee shortly after the accident, and when complaint was made of a pain in his right chest, Dr. Moore taped his side. In November, 1950, Dr. Moore treated him again and diagnosed his trouble as a myocardial infarction. On November 21 or 28 he suffered what appeared to be a heart attack on the street in Kirbyville after visiting Dr. Moore's office. Dr. Moore treated him with nitroglycerin tablets until he had relief from the acute condition there. He also made an electrocardiogram, which confirmed his diagnosis made previously as to the heart condition. He made a diagnosis of myocardial infarction on December 19, 1950, and on November 29, 1950, thought it was angina pectoris.

In January, 1951, appellee was admitted to the U. S. Veterans' Hospital in Houston, and was treated there intermittently to June 15, 1951. He was also there for treatment from September 24 to November 19, 1951. At that hospital, he had his gallbladder removed, dental work performed, an abscess treated, and numerous tests made and observation taken.

After he was discharged, he employed attorneys in his case and learned from them that no claim for compensation had been filed in his behalf. His attorneys filed his claim August 24, 1951, ten months after his accidental injury.

On August 27, 1951, he went to Dr. McGrath of Jasper for treatment, who found three ribs fractured where they join the spinal column. Dr. McGrath testified that from his own findings and from McNeill's history of the accident, it was his opinion that the injury he received at the sawmill was the cause of his condition, and that McNeill was totally and permanently disabled.

The jury by its verdict, in answer to Special Issues, found that one Dockery, cashier for McNeill's employer, represented to McNeill that he would take care of the filing of all necessary papers, collect any insurance to which he was entitled, and that McNeill relied upon such representations and that his relying upon said representations constituted good cause for his failure to file his claim for compensation until the time it was filed. By its Point No. 3 the appellant maintains that the evidence was insufficient to support the jury's verdict that the appellee had good cause for failure to file his claim within six months from the date of injury. On this question the appellee testified that Mr. Dockery was the cashier in the office of his employer Kirby Lumber Corporation at the time he was injured at its sawmill. McNeill is an uneducated man, having gone only through the 4th grade at school. He further testified that Dockery told appellee that he had the papers in the office and would take care of all necessary papers for him, would look after his claim for compensation, and would file the same for him; that appellee relied upon those representations by Dockery and believed them all the way through until after he had retained his lawyers; that when he retained his lawyers he still believed that his claim for compensation had been filed, and learned the contrary only two or three days after he had turned his case over to lawyers for handling; and that his lawyers immediately filed a claim after they were retained. Appellee did not know the difference between compensation checks and checks received upon a policy of insurance issued by Metropolitan Life Insurance Company. Cards from appellee to Mr. B. P. Dockery revealed that while he was undergoing treatment in the Veterans' Hospital in Houston, Texas, he was writing

to Mr. Dockery to have his checks directed to him in the Veterans' Administration Hospital. One of the cards contained as a complete paragraph this expression, "Oh yes, see about my checks for me."

It was in evidence that McNeill did receive two weekly compensation checks shortly after he was injured.

Appellee admitted that as early as December, 1950, and January, 1951, he knew that something was wrong with his compensation checks, and that the company was "messing up" things. This testimony only served, however, to raise a fact question for the jury as to whether McNeill relied on Dockery's representation. It must be kept in mind that he testified that even at that time and until August, 1951, he thought his claim for compensation had been filed. This belief was not unreasonable, since it is undisputed that he did receive some payment of compensation benefits.

■ We believe this evidence is sufficient to support the jury's finding of good cause for failure to file his claim until the time it was filed and the point is overruled.

■ By its first point the appellant complains of the trial court's action in overruling its exceptions and objections to Special Issues Nos. 11, 12 and 13 of the court's charge. By its 4th point it complains of the action of the trial court in overruling its objections to Special Issues 14 and 15 of the court's charge. In its brief it refers us to the instrument in the transcript called "Defendant's exceptions to the charge of the Court," on pages 30 to 34, inclusive, of the transcript. This instrument was not signed by the trial judge and therefore there is nothing in the transcript to show that this document was ever presented to the trial court or acted upon by him as required by Rule 272, Texas Rules of Civil Procedure. The points based upon and relying upon the purported objections to the court's charge contained in this document cannot be considered since they present no error.

The appellant also filed and brings forward in the transcript its supplemental objections and exceptions (which is signed "Refused. E. A. Lindsey, District Judge") to Special Issues Nos. 14 and 15 which are contained in its 5th point. These objections are as follows:

"1.

"Defendant objects and excepts to Issue 14 in that it does not permit the jury to answer the question raised by the pleadings and the proof of plaintiff's incapacity may have at the expiration of some given period of time been due solely to other diseases and conditions than those received by virtue of the alleged accidental injury, and that it does not allow the jury to find that plaintiff, as alleged by pleadings and shown in the evidence, may have recovered at the end of two weeks, or some other number of weeks, from the incapacity suffered by *cirtue* of his alleged accidental injury and that any further incapacity would be due solely to other diseases without reference to any alleged accidental injury. Further, that it would be misleading and confusing to the jury.

"2.

"Defendant objects and excepts to Special Issue No. 15 in that it is misleading and confusing to the jury, and further, it will not allow the jury to find that plaintiff, John R. McNeill, sustained an incapacity for manual labor and hard work for a certain given definite length of time due to the alleged accidental injury, and that he may have later fully recovered from the same and that any further incapacity suffered by John R. McNeill after such recovery would be due solely to other conditions and in no way contributed to or caused by any alleged accident sustained while in the employ of Kirby Lumber Corporation; and further, that said issue is duplicitious."

The issues Nos. 14 and 15 as submitted by the court and answered in favor of the appellee by the jury were as follows:

"Issue No. 14

"Do you find from a preponderance of the evidence that plaintiff's incapacity if any you have found is not due solely to diseases?

"Issue No. 15

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any you have found, is not due solely to other conditions in no wise contributed to or caused by any accident, if any, sustained while employed by said Kirby Lumber Corporation on October 28, 1950?"

We do not believe that the two issues submitted were subject to the objections and criticisms above made by the appellant. The pleading of the appellant in this regard is found in paragraphs 3 and 8 of its answer. It pleaded that the "plaintiff's incapacity, if any, was and is due solely and alone to other diseases, injuries, conditions, or a combination of such diseases, injuries or conditions in no wise contributed or caused by any action, if any, sustained while employed by said employer. For further answer, if required, defendant says that if plaintiff sustained an accident and injury as alleged in his petition, which is denied, that he has been paid and has received all compensation that was due him by virtue of said alleged accident and injury." It will be noted that the appellant did not plead any specific period of time during which the appellee's incapacity was due to injury and some other specific period of time during which his incapacity was due to other things than injury. We also note the absence of any evidence on the part of the appellant which established some period of disability due to the injury and another specific period of disability due to causes other than injuries. We think the two issues under examination, Nos. 14 and 15, properly submitted appellant's defensive theory of the case, as raised by its pleadings.

By its second point the appellant complains of the action of the trial court in refusing to submit its special requested issues "Numbers 19 and 20" by which it sought to present the question of good cause for appellee's failure to file his claim within six months after the accident and injury. We find no requested issues Nos. 19 and 20 in the transcript. But the two special issues requested by the appellant in regard to good cause were requested special issues Nos. 5 and 6. It is plain that this is what the appellant refers to, since this complaint is made by its 19th and 20th assignments of error in its amended motion for new trial. The two requested issues in substance sought to inquire (5) whether McNeill did not fail to file his claim for compensation within six months after the injury and (6) whether McNeill did not have good cause for such failure to file his claim. Number 6 was to be conditionally submitted in the event requested special issue No. 5 had been answered "Yes". It is noted that Special Issue No. 6 did not contain any definition of the phrase "good cause". We believe that such a submission in general terms would not have been proper, since the appellee McNeill in his petition had pleaded certain specific grounds for good cause, and the issues given in the charge made inquiry about those specific grounds. Texas Employers' Ins. Ass'n v. Fulkes, Tex.Civ.App., 75 S.W.2d 320; Texas Employers Ins. Ass'n v. Frankum, 148 Tex. 95, 220 S.W.2d 449, by the Supreme Court. No error is shown by this point and it is overruled.

By its sixth point the appellant complains of the action of the trial court in refusing to submit in its charge its specially requested issue No. 4, which requested issue would have inquired of the jury whether "McNeill fully recovered from any incapacity he may have received by virtue of the alleged accidental injury on October 28, 1950." This requested special issue was one of a group numbered 1 to 6, inclusive, of special requested issues which were all submitted in a group and were overruled by the trial judge in one order. Under Rule 276, Texas Rules of Civil Procedure, and the construction given this rule by the courts, the action of a trial court in refusing to submit a requested special issue should not be held to be error when it is included in a single request to submit a number of issues together. Walton v. West Texas Utilities Co., Tex.Civ.App., 161 S.W.2d 518. When one or more of special issues requested en masse should not be given, the court is justified in refusing to give any

of them. See, also, Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786. Since we have held above that the trial court was not required to give two of the requested special issues, it follows that no error is shown by this point in complaining of the court's refusal to give any other issue included in the group of issues requested together in one instrument and overruled by the trial court in one order. In addition to the above reasons for holding that this point presents no error if such special requested issue No. 4 were properly brought before us, we note that the trial court was not required to give such issue as it was worded because it simply inquired whether McNeill had fully recovered from his injury. The trial court in its charge submitted to the jury the issue inquiring how many weeks of total incapacity McNeill suffered from the date when it began, if any.

By its seventh point the appellant complains of the action of the trial court in allowing counsel for appellee, in his closing argument to the jury, to refer to the appellant's sworn denial of notice of injury which had been withdrawn by appellant's trial amendment, and says that there was no issue and no evidence on the question of notice, and that the argument was calculated to and did prejudice the appellant before the jury. In its pleadings the appellant specially pleaded that the appellee did not give due and legal and proper notice of his injury to his employer or its agents or to the appellant or its agents within 30 days after the injury, and specially pleaded that neither the employer nor its agents nor the defendants nor its agents had notice of or knew of or had actual knowledge of the alleged injury within 30 days. After the trial had proceeded and considerable testimony by the appellee was introduced on the question of notice of the injury to the employer or its agents and the receipt by the appellee of the two compensation checks, the appellant with leave of the court filed a trial amendment which, in substance, admitted that notice of his injury "was timely and properly given by plaintiff." The pleading by the appellant that no notice had been given was verified. Counsel for the appel-

lee in his argument commented on this change of front by the appellant and said in part, "they say yes, you are hurt now, Mr. McNeill. Why at one time we would swear we did not have any notice that you got hurt; we would swear that you did not give us any notice within 30 days." Counsel for appellant objected to any reference to the sworn denial, because the same had been withdrawn and was not in issue. Counsel for appellee stated to the jury that his remarks seemed to cause some disturbance and he withdrew the argument with reference to appellant having filed a sworn denial of notice; but he offered to read to the jury the trial amendment filed by the appellant. Counsel for appellant objected to this and the court overruled the objection. He then read the trial amendment to the jury and stated to the jury "so that feature of the case goes out. Defense No. 1." Counsel then proceeded to argue that defense No. 2 of the appellant was that McNeill had not received any injury, that the appellant had denied this and the appellee had proved this too. We see no harm in this proceeding. Counsel was quoting from and commenting on nothing except what was in the record and we do not think this is improper. His argument that appellee had proved the facts and extent of his injury as conclusively as he had proved the facts in regard to his giving actual notice of his injury was nothing more than an exaggerated view of the strength of his client's case. We have observed that this is a frequent occurrence in the aguments of attorneys but it has never been condemned as improper. The particular pleading abandoned by the appellant by its trial amendment was not withdrawn before the trial of the case began, but only after extensive testimony was introduced. The argument complained of was not an improper comment on proceedings during the trial.

By its 8th and 9th points the appellant, in effect, complains that the expert medical evidence of Dr. McGrath on behalf of the appellee was insufficient to support the jury's verdict of temporary total disability resulting from the appellee's accidental injury. The gist of these two

points is that Dr. McGrath testified that he examined the appellee and found two, possibly three fractured ribs, that the ribs had not healed at the time of the trial and that from the history of the accident given to him by McNeill it was his opinion that Mc-Neill's condition resulted from his accidental injury in the mill, that he was totally and permanently disabled and that his condition was the result of such accidental injury; that since the doctor's opinion was based partly on the history of the case given to him by the appellee it is hearsay and not sufficient to prove the cause of the injury. A number of cases are cited and quoted from by the appellant in its brief to substantiate this argument. We believe, however, that they are not in point and that the appellant has overlooked the testimony that appellee visited the doctor for the purpose of receiving treatment, that the doctor examined him physically and also inquired of him as to the history of the case all for the purpose of treating him, and thereafter did treat him. This state of facts takes the testimony of the doctor out of the category of hearsay testimony. We believe the rule is well established as stated in the opinion by Justice O'Quinn of this Court in Federal Underwriters Exchange v. Carroll, Tex.Civ.App., 130 S.W.2d 1101, 1104. In that case it is held that "The opinion of a physician or surgeon as to the condition of an injured or diseased person is not rendered incompetent by the fact that it is based upon the history of the case given by the patient to the physician or surgeon on his examination of the patient, when the examination was made for the purpose of the treatment and cure of the patient." Under the authority of that case and many others holding to the same effect, Dr. McGrath's testimony was competent. Such testimony presented a fact issue for the jury as to the condition of the appellee and as to the cause of his disability. The jury was not required to accept it, and it did not accept it in full since the jury found that the disability was only temporary in nature and extended only for a period of 123 weeks from the date of the injury. It was competent evidence, however, and supports the jury's finding.

We believe the case was properly tried and submitted to the jury, and that the judgment should be affirmed.

Affirmed.