TEXAS GENERAL INDEMNITY COMPANY, Appellant,

v.

Margie YOUNGBLOOD et vir, Appellees.

No. 17172.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1971.

Rehearing Denied April 23, 1971.

———◆———

Wynn, Irby, Brown, McConnico & Mack, and C. Harold Brown, Fort Worth, for appellant.

Sterling W. Steves, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

This is a Workmen's Compensation case. Judgment was rendered upon a jury verdict of total and permanent incapacity in the sum of $12,073.84. An additional sum of $1,273.75, representing hospital and medical services rendered by Scott and White Clinic, was awarded to appellees. Appellant's motion for judgment non obstante veredicto and its amended motion for new trial were overruled and it has appealed. The appeal is based upon nine points of error.

The appellee, Mrs. Margie Youngblood, a licensed vocational nurse (LVN), while on duty at Harris Hospital, injured her back on January 19, 1967, while assisting a patient to a chair. She filled out an Unusual Occurrence Report and gave it to the nurse in charge of her floor. The claimant did not file her claim for compensation with the Industrial Accident Board until June 15, 1968, approximately eighteen months after sustaining the injury in question.

By its first point the appellant asserts that as a matter of law the appellee failed to show good cause for the delay of 18 months in filing her claim for compensation.

The claimant testified that the reason for her untimely filing was that, " * * * Betty Phillips, the supervisor, called me and told me that if I'd go see Dr. George Kemble that the hospital would take care of everything."

The jury found that after January 19, 1967, and within six months from such date, claimant believed her claim had been filed and that such belief caused claimant to delay filing until same was filed and that claimant prosecuted her claim with the diligence of a person of ordinary prudence.

The reason above described for delay in filing is almost identical to that found in the case of Consolidated Mutual Insurance Co. v. Moronko, 425 S.W.2d 838 (Houston, Tex.Civ.App., 1st Dist., 1968, reversed at 435 S.W.2d 846, Tex.Sup., 1968). See also Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948); Allstate Insurance Company v. Godwin, 426 S.W.2d 652 (Houston, Tex.Civ.App., 1st Dist., 1968, no writ hist.); Travelers Insurance Company v. Strech, 416 S.W.2d 591 (Eastland, Tex.Civ.App., 1967, writ ref., n. r. e.); Texas Employers' Insurance Association v. Hudgins, 294 S.W.2d 446 (Waco, Tex.Civ. App., 1956, ref., n. r. e.); Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Beaumont, Tex.Civ.App., 1953, no writ hist.); 63 Tex.Jur.2d 269, § 307; and 25 Texas Bar Journal, p. 1043 (Dec., 1962).

In our opinion there was ample evidence to support the answers of the jury to the good cause issues and such findings of the jury were not against the great weight and preponderance of the evidence. The first two points are overruled.

The appellant's third point complains of the issues on good cause because such issues did not confine the jury's consideration to the specific facts pleaded by the employee as constituting good cause as required by the holding of the Texas Supreme Court in Texas Employers' Ins. Ass'n v. Frankum, 148 Tex. 95, 220 S.W.2d 449 (1949). See also New Amsterdam Casualty Co. v. Scott, 54 S.W.2d 175 (Eastland, Tex.Civ.App., 1932, writ ref.) holding it was error not to limit the jury in its answer to a consideration of the facts pleaded as constituting good cause and that the jury should not be left at liberty to find a good cause which was different from the one pleaded.

Volume 8, Tex.Jur.Forms, page 274 (8:262) contains pleadings and authorities relating to good cause for failure to timely file such claims. See also Vol. 2, Texas Pattern Jury Charges, p. 103, PJC 24.02, for issues on "Good Cause for Delay in Filing Claim."

Here the issues submitted by the court were not supported by pleadings, did not comply with PJC 24.02 or the Frankum case, supra, and in our opinion constituted comment upon the weight of the evidence. The issues were not conditionally submitted as in PJC 24.02 and were not confined to the sole excuse for delay testified to by claimant. The jury was permitted under the charge to go completely outside the pleadings and the evidence to find any fact to excuse or justify the claimant's delay in filing her claim. Texas Employers' Ins. Ass'n v. Frankum, 220 S.W.2d 449, supra.

Under Rules 90 and 91, T.R.C.P., the appellant has waived all defects in the pleadings by its failure by way of motion or exceptions in writing to point out with particularity the defects in such pleadings.

Further in its objections to the charge the appellant did point out to the court that there were no pleadings to support the issues submitted.

Under Rules 272 and 428, T.R.C.P., the appellant has likewise waived the defects in connection with the issues submitted.

The transcript contained some objections to the court's charge which may have reached the vice of failing to confine the issue to the single excuse offered by claimant for late filing of her claim. However, the transcript does not contain any order of the court overruling such objections or requests for special instructions and the record contains no bill of exceptions relating to such matters. In the absence of an order of refusal signed by the court the objection and requests were waived. Big Three Welding Equipment Company v. Roberts, 399 S.W.2d 912 (Corpus Christi, Tex.Civ.App., 1966, ref., n. r. e.); Neuhoff Brothers Packers, Inc. v. McCauley, 399 S.W.2d 929 (Waco, Tex.Civ.App., 1966, ref., n. r. e.); Melton v. State, 395 S.W.2d 426 (Tyler, Tex.Civ.App., 1965, ref., n. r. e.); and Beacon National Insurance Co. v. Young, 448 S.W.2d 812 (Dallas, Tex.Civ. App., 1969, ref., n. r. e.). See other authorities cited in Note 38 under Rule 272, T.R.C.P. We overrule point three.

Appellant's points four through seven, both inclusive, assert that the court erred in failing to grant it a new trial because there was no evidence or insufficient evidence to support the jury's findings on the issues of permanent incapacity, good cause for late filing and sole cause.

There was evidence both ways in connection with the above issues. The matters involved were vigorously contested. There was ample evidence in the record to support the jury in answering for or against the appellant. It resolved the issues against the appellant and such answers were not against the great weight and preponderance of the evidence.

The points are overruled.

**332**

There is no evidence in the case at bar that the appellant refused, failed or neglected to furnish the medical services required under Sec. 7, Article 8306, Vernon's Ann.Civ.St. We therefore hold that the appellant is not liable for the services rendered by Scott and White Clinic. The trial court erred in allowing recovery of this sum of $1,273.75 representing hospital and medical services rendered by Scott and White Clinic. Few et vir v. Charter Oak Fire Insurance Company, Tex., 463 S.W.2d 424 (1971).

The judgment of the trial court is modified by reducing the claimant's recovery by $1,273.75. As thus modified, the judgment of the trial court is affirmed.