SOUR LAKE TOWNSITE COMPANY ET AL. V. B. DEUTSER FURNITURE COMPANY.

Decided April 13, 1905.

**1.—Sale—Breach of Contract—Remedies.**

Upon breach of contract of sale the seller has choice of three remedies; (a) he might retain the goods and recover the difference between the contract price and the market price at the time and place of delivery; or (b) he might hold the goods for the buyer and recover the contract price; or (c) he might resell the goods for the best price obtainable at the place of delivery, or the most accessible market, and recover the contract price less the net amount realized for the goods at such sale.

**2.—Same—Election.**

Having elected which one of the three remedies he will pursue, the seller is bound by the measure of damages appropriate thereto, and he can not be held to any other measure by the purchaser.

**3.—Same—Measure of Damages.**

If the seller elects to keep the goods, the measure of damage is the difference between the contract price and the market value at the time of the breach, and not at some time in the future.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*F. J. & R. C. Duff, A. L. Davis* and *Nugent & Foster*, for appellants. —The measure of damages for breach of contract to purchase is the difference between the contract price and the market value of the property at the time and place of delivery in the absence of a resale, but if the whole or any part of the property has been sold for as much or more that the contract price, this fact must be taken into consideration in estimating the damage to the seller, or, in other words, the profit so realized must be deducted from the amount of his recovery. Diamond State Iron Co. v. San Antonio & A. P. Ry. Co., 11 Texas Civ. App., 587; Halbert v. Newell, 27 S. W. Rep., 767; White v. Matador L. & C. Co., 75 Texas, 468, 24 Am. & Eng. Ency. of Law, p. 1117 (2d. ed); 1 Suth. on Dam., p. 36, sec. 12.

After refusal by the buyer to accept personal property under a contract to purchase, the seller may, with proper regard for the interest of

the buyer, resell the property for the highest price obtainable, and charge the buyer with the difference between the price thus obtained and the contract price, and it must necessarily follow from this that, if the seller obtains, at such resale, a price as great or greater than the contract price for a portion of the property, the amount of this recovery would be proportionately reduced, and if he sold all the property for as much or more than the contract price he would recover only nominal damages. Waples v. Overaker, 77 Texas, 7; Weathered v. Golden, 34 S. W. Rep., 761, 24 Am. & Eng. Ency. of Law (2d ed.), 1139.

*Smith, Crawford & Sonfield,* for appellees.—The measure of damages for failure to deliver specific articles, in accordance with the contract, is the difference between the contract price and their value at the time and place of delivery, and proof of value at any other time is inadmissible. Ullman, Lewis & Co. v. Babcock, 63 Texas, 69; Steinlein v. Blaisdell, 44 S. W. Rep., 200; Harris v. First Nat. Bank, 45 S. W. Rep., 311; Field on Damages, sec. 260.

REESE, Associate Justice.—B. Deutser Furniture Company sued the Sour Lake Townsite Company and George A. Hill to recover damages for breach of a contract whereby plaintiff agreed to sell and deliver, and defendants agreed to buy and pay for, certain articles of furniture, the entire bill amounting to $6,045.93.

By the terms of the contract, which was in writing, the defendants agreed to purchase from plaintiff the furniture, household goods, wares, etc., described in a schedule accompanying the contract, which schedule contained also the price of each article thereof, the whole amounting to $6,045.93, the goods to be delivered by plaintiff within ten days after notice from defendants. Tender of the goods is alleged by plaintiff, and refusal of defendants to receive, to its damage $3,000.

Defendants answered by general demurrer and general denial, but, upon the trial, made no defense except as to the measure of damages.

The case was tried by the court without a jury, and judgment rendered for plaintiff for $2,500, from which defendants appeal.

The assignments of error presented by appellants present the single question as to the proper measure of damages under the evidence.

In its conclusions of fact, which are not attacked by appellants, the court finds that the contract was executed as alleged, and that the goods were tendered, or that appellee was ready and offered to deliver the same, in accordance with the contract, on October 1, 1903, which date the court finds to be the date of the delivery according to the contract, but that appellants refused to receive the same, in violation of the contract. The court further finds that the difference between the market value of the goods and the contract price, at the time and place of delivery, was $2,500. It is found, incidentally, that the Sour Lake Hotel was destroyed by fire after the date of the execution of the contract and before the 1st of October.

The evidence disclosed that appellee was engaged in business as a furniture dealer at Beaumont, and that when appellants refused to take the goods some of them were shipped back to the factory from which appellee had purchased them, and some of them were sent to Beaumont

and placed in appellee's store with the balance of its stock, and of those articles sent to Beaumont some have been since sold by appellee at retail.

The various assignments of error present appellants' contention· that, insofar as concerns those articles which had been, since the breach of the contract and before the trial, sold by appellee, the proper measure of appellee's damages was the difference between the contract price and the amount at which said articles had been sold. The evidence having shown that certain of such articles had been sold by appellee after the same had been sent to Beaumont, and placed in his stock there, appellant propounded to B. Deutser, president of appellee company, a witness, certain questions as to the prices at which they had been sold, to which objection was made and sustained by the court, on the ground that the testimony was immaterial, and would not affect the amount of appellee's recovery, his damage being the difference between the contract price and the market value at the time and place of the breach. The same question is presented in the second assignment of error, attacking the conclusion of law of the trial court, that, immediately upon the breach of the contract, the plaintiff's cause of action was complete, and his measure of damages as above indicated.

Upon the breach of the contract by the refusal to take the goods, appellee, the seller, had its choice of three remedies. It might have retained the goods and recovered the difference between the contract price and the market price at the time and place of delivery; or it might have held the property for appellants, and at their risk, and recovered the purchase money at the contract price; or it had the right to resell the property for the best price obtainable at the place of delivery, or, if there was no market for the goods there, in the most accessible market, charging appellants with the reasonable expenses of the sale and of keeping the goods, and recovered the purchase price less the net amount realized for the goods at said sale. (Waples v. Overaker & Co., 77 Texas, 11; Woldert Grocery Company v. Boonville Elevator Co., lately decided by this court.)

Because appellee had the right to pursue the latter course, in which event he would be charged with the amount realized from such sale, it does not follow that, if he elected to keep the goods, he can be charged with whatever amount he may have realized from a sale of the same, or a part thereof, at any time in the future. This is the proper measure of damages only when the seller elects, at the time of the breach, to sell the goods, or a part thereof, as the agent of the defaulting purchaser, and for his account. (White v. Matador Land Co., 75 Texas, 468; 3 Suth., Damages, sec. 647.)

Such resale is one means of determining the market value, and it has been held that, if the vendor himself buy at such sale, which he may do if the sale is fairly made at auction, and he subsequently sells the property at a price equal to the contract price, this would be immaterial so far as concerns the effect of the sale as fixing the market value. (3 Suth., Damages, sec. 647, pp. 1861, 1862.)

Suppose the seller elects to keep the goods, and afterwards sells the same for the market value then, but for much less than would have been the market value at the time and place of delivery, certainly it would not be contended that, in such case, the defaulting purchaser could be

made to stand the loss by reason of the sale for less than such market value. Having elected which one of the three remedies open to him he will pursue, the seller is bound by the measure of damages appropriate thereto, nor can he be held to any other measure by the purchaser. The right of the seller to resell in satisfaction of the unpaid purchase money is well settled, but he is not required to do so. (24 Am. & Eng. Ency. of Law, p. 1140.) Nor, if he elects to retain the goods, is he bound either to keep them always, or, as an alternative, account to the defaulting purchaser for whatever he may realize upon a sale of them in the future.

It does not appear when the articles claimed to have been sold by appellee were, in fact, sold, but it does appear that they were sent to Beaumont and mingled with its general stock, and thus disposed of at some time after the breach of the contract, having been kept, in the meantime, at the risk of appellee, both as to loss in value and in other ways. It was immaterial at what price these articles were sold by appellee, and there was no error in sustaining appellee's objection to the evidence offered on this point. Nor did the court err in fixing the measure of damages at the difference between the contract price and the market value at the time and place of delivery.

No other question is presented by appellants, and the judgment of the trial court is therefore affirmed.

*Affirmed.*

Writ of error refused.