CARL, J.
 

 George B. Hollamon brought this suit against H. Leventhal and Abe Freeman, claiming $175 on an account for a car load of watermelons shipped by Freeman to appellant,. Leventhal, and the account having been assigned to Hollamon by Freeman, and payment thereof guaranteed. .The suit was originally in the justice’s court, whence it was appealed to the county court of Guadalupe county, and there again judgment was for Hollamon against Freeman for $175, and in favor of Freeman against Leventhal for $127, interest and costs. In the county court Leventhal pleaded his privilege to be sued in Dallas county, where he resides, and alleged collusion and fraud between Freeman and Hollamon for the purpose of conferring jurisdiction on the county court of Guadalupe county. Freeman assumed the burden of the litigation in both the lower courts on behalf of the plaintiff, and made the fight, although Hollamon was nominally the plaintiff, and excepted to Leventhal’s plea in abatement and allegations as to fraud and conT spiracy, which the court sustained.
 

 [1]
 
 It is contended that no contract to buy the melons is shown; that the minds did not meet in an agreement. Joe Novich testified that on July 4, 1912, on.his way from the post office in Dallas he went into appellant’s place of business for refreshments, and Leventhal, whom he had previously introduced to appellee Freeman, asked witness to get in communication with Freeman and order a ear of melons to be of the average size, not less than 25 pounds each, for which he agreed to pay $175, f. o. b. Dallas; that on the same day, and soon after such request, witness did get in communication with Freeman and told him of the order, and Freeman accepted. Freeman confirmed the sale by letter to Leventhal the same day. And later Leventhal called up Novich and asked whether the melons had been shipped. There was sufficient evidence upon -which the jury could Dase its finding that there was such a contract.
 

 [2]
 
 Freeman shipped the car of -melons to appellant at Dallas, and he examined them, and said they were not sound, as ordered, and refused them; whereupon Freeman sold them for $48 after some days.
 

 If appellant ordered the melons as claimed, and refused to accept them upon arrival, Freeman had the choice of three remedies: (1) He could hold the property as the property of Leventhal, and sue for the price; (2) he could foreclose his vendor’s lien upon the property by a fair sale of it, and sue Leven-‘thal for the difference; (3) or he could treat the property as his own after the vendee’s refusal, and sue for damages. Welden v. Texas Continental Meat Co., 65 Tex.
 
 489;
 
 Waples v. Overaker, 77 Tex. 7, 13 S. W. 527, 19 Am. St. Rep. 727; Avant v. Watson, 57 Tex. Civ. App. 304, 122 S. W. 586; Woldert v. Arledge, 4 Tex. Civ. App. 692, 23 S. W. 1052; Sour Lake Townsite Co. et al. v. Duetser Fur. Co., 39 Tex. Civ. App. 86, 94 S.
 
 W.
 
 188.
 

 [3, 4]
 
 The plea of privilege was raised for
 
 *8
 
 the first time in the county court, on appeal, and the court did not err in sustaining ex> ceptions to it.
 

 When a plea of privilege is filed and relied on as to jurisdiction, the one seeking to avail himself of that plea must give the other party a better writ. He must show exactly where the proper jurisdiction is, so that the venue may be correctly laid. This cause originated in the justice’s court of Guadalupe county, from which it was appealed to the county court. In fact the amount in: volved indicates that the justice’s court has exclusive original jurisdiction, and the county court could only acquire jurisdiction on appeal. The plea of privilege does not show in what justice’s precinct the appellant lives; but he asks that the case be transferred to the Dallas county court from the county court of Guadalupe county after he has neglected to file any plea in the justice’s court. We think it too well settled in Texas that he cannot do this to require us to cite authorities. After appellant failed to file his plea in the justice’s court, he voluntarily appealed to the county court of Guadalupe county, the same court which he now says had no jurisdiction. If he had, in due time, filed his plea of privilege in the justice’s court, and had not waived same, it follows that he could urge the same plea in the county court. But even then, if the county court should find that the plea should have been sustained had it been filed in the justice’s court, the case would go to the proper justice’s court in Dallas county," the name of which appellant has failed to furnish. Therefore his contention cannot be sustained, first, because his plea did not show the court that rightfully had jurisdiction, and, second, because he waived the right 'to sucb plea by not filing same in the justice’s court. Karner v. Ross, 43 Tex. Civ. App. 542, 95 S. W. 46; Hall v. Howell, 56 S. W. 561; Watson v. Baker, 67 Tex. 48, 2 S. W. 375; Floyd v. Gibbs, 34 S. W. 154.
 

 [5]
 
 Nor did the court err in sustaining exceptions urged by appellee Freeman to Leven-thal’s claim for attorney’s fees. An allegation that the claim was fraudulently transferred for the purpose of giving jurisdiction to the court where the cause is sued on is not sufficient to enable appellant to recover attorney’s fees. And the same would apply to the items of personal expense in attending the trial sued for in the cross-action. Mutual Life Ins. Co. v. Hargus, 99 S. W. 580; Salado College v. Davis, 47 Tex. 131; Strauss v. Dundon, 27 S. W. 503; Tunstall v. Clifton, 49 S. W. 245.
 

 [6]
 
 Appellant contends that the deposition of George B. Hollamon should have been suppressed, because his attorney was not permitted to be-present, and because Hollamon refreshed his memory in giving same from some kind of paper which he had. It is made to appear that this paper merely had some dates on it, etc. It is not shown that any injury resulted from the fact that appellant’s counsel was not present, especially since the other attorneys were not present. In fact it is not shown how any harm was done, or that it would have been different had counsel for appellant been there. The assignments ^raising this matter are overruled.
 

 [7]
 
 Complaint is made that the court erred in refusing to suppress Hollamon’s deposition, because appellant had subpoenaed him as a witness, paid him $1, and he refused to attend court. This is not cause for suppressing a deposition. The court, on application would have issued an attachment for Holla-mon, and he would then have come. This was not requested; but, instead, the deposition is sought to be quashed.
 

 We have examined the other assignments, and, finding them without merit, overrule them all.
 

 Judgment affirmed.