## SMITH v. RATLIFF et al.

### No. 11084.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 7, 1942.

W. B. Moss, of Sinton, and Seale & Wood and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellant.

Crain, Vandenberge & Stofer, of Victoria, and Ben F. Vaughan, Jr., of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal by Mrs. Ora Smith from a judgment for the principal sum of $7,129.54, rendered by the District Court of Nueces County, in favor of appellees, Frank A. Ratliff and wife, Nelle Ratliff. A joint and several judgment was entered against appellant and Frank Reynolds, a non compos mentis, represented by a guardian ad litem in the trial below. Neither Reynolds nor the guardian have appealed.

■ Trial was to the court without a jury. Appellees' cause of action was one for the balance due upon the contract price of certain shares of corporate stock of the Copper Roof Company of San Antonio. The shares of stock were tendered into court by appellees and the judgment directs the Clerk of the Court to deliver said shares to appellant and her co-defendant below upon satisfaction of the judgment.

Appellant's complaint is that the judgment is in effect one of specific performance which is unauthorized by the pleadings, in that no special circumstances are set up which would justify the entry of a judgment for an amount other than the difference between the contract price of the stock and the market value thereof at the time of the breach. Seemingly appellant contends that the foregoing is the exclusive rule of damages in an action of this kind at law, and the entire purchase price could not be recovered upon a tender except in an equity suit wherein the prerequisite showing of the inadequacy of a legal remedy is made.

We are of the opinion that the applicable authorities are contrary to appellant's contention.

■ In Bowden v. Southern Rock Island Plow Co., 206 S.W. 124, 126, the Dallas Court of Civil Appeals, in discussing the remedies of the seller of personal property upon breach by the buyer said: "The seller may retain the property and recover the difference between the contract price and the market price at the time and place of delivery, or hold the property for and at the risk of the buyer and recover the contract price, or resell the property at the best obtainable price at the place of delivery, if there be a market there, and, if not, at the market most accessible, and recover the contract price and all reasonable expenses of sale, less the net amount realized at the sale. White v. Matador L. & C. Co., 75 Tex. 465, 12 S.W. 866; Waples

v. Overaker, 77 Tex. 7, 13 S.W. 527, 19 Am.St.Rep. 727; Halbert v. Newell, Tex. Civ.App., 27 S.W. 767; Sour Lake Townsite Co. v. B. Deutser Furniture Co., 39 Tex.Civ.App. 86, 94 S.W. 188."

Here the appellant elected to follow the second course above outlined.

Bowden v. Southern Rock Island Plow Company, supra, is cited with approval by the Fifth Circuit Court of Appeals in Seagraves v. Wallace, 41 F.2d 679, a case which arose in Texas and involved a contract for the sale of shares of corporate stock. Seagraves v. Wallace is directly in point and believed controlling.

Judgment affirmed.