Jess E. MULHERIN, Appellant,

v.

Beatrice M. BROWN, Appellee.

No. 6580.

Court of Civil Appeals of Texas.

Amarillo.

March 26, 1956.

Rehearing Denied April 23, 1956.

Tom Seay, Amarillo, for appellant.

Lumpkin & Watson, Amarillo, for appellee.

MARTIN, Justice.

G. V. Landers entered into a written contract with the appellant, Jess E. Mulherin, to sell to appellant 185 shares of corporate stock of Acme Plumbing & Heating Company, a corporation, for the sum of $50 per share. The written contract provided for immediate payment for and delivery of a portion of such stock and the balance of the stock was to be paid for in monthly installments and transferred to appellant in lots of five or more shares after payment was made for the stock to be so transferred. On June 9, 1954, G. V. Landers transferred to appellee, Beatrice M. Brown, without recourse, all of his rights in and to the foregoing contract. However, the stock as described in the contract was not transferred to appellee, but was left in the safe of Acme Plumbing & Heating Company, a corporation, and Landers continued to hold title to the same in his name as the owner thereof and without ever having given any instructions to transfer such stock to appellee or any other person.

Appellant made default as to monthly payments for the shares of stock and appellee sued him for the full contract price of the number of shares of stock that should have been paid for between the date of default and the time of filing suit. Appellee did not obtain a transfer of the shares of stock as subject to the contract of sale and further pleaded in her first supplemental petition the following allegation:

"In answer and reply to the allegations contained in defendant's said First Amended Original Petition, plaintiff alleges and would show to the court that she is not interested in the capital stock of the Acme Plumbing & Heating Company, a corporation; that she does not own any portion of the same, either in person or as co-owner with the said G. V. Landers. She alleges that, in so far as the ownership thereof is concerned, it is a matter entirely between the defendant and the said Landers."

G. V. Landers was not made a party to the suit and although he was a witness in the cause on the trial of the same he was a resident of the State of Colorado.

Upon the facts in the cause of action, briefly stated above, the trial court rendered judgment for appellee for the full contract

price of the stock in issue but provided in such judgment that the appellee would not be entitled to a writ of execution until she delivered or caused to be delivered to the Clerk of the Court a properly executed assignment or assignments to appellant of the capital stock. The judgment further provided that such assignments of stock were to be delivered to the Sheriff executing the writ who was to deliver to the defendant, appellant here, five shares of stock for each $250 paid or collected on the execution.

Appellant perfected an appeal from the above judgment of the trial court and first assigns as error that the trial court erred in rendering judgment for the plaintiff (appellee) when she did not own or claim title to the corporate stock in question. This point of error must be sustained under the record before this Court. Appellee's peadings, as hereinabove quoted, reveal that she did not own any portion of the shares of the stock, either in person or as co-owner with the said Landers. She further pleaded that she was not interested in the corporate stock of the Acme Plumbing & Heating Company, a corporation.

"A defect in the title amounting to a failure of consideration affords a valid defense to the seller's action for the purchase price." 78 C.J.S., Sales, § 443 c, P. 67; 37 Tex.Jur., Sales, Section 191, Page 433; 37 Tex.Jur., Sales, Section 194, Page 437.

Appellant's second point of error is that the trial court erred in rendering judgment for plaintiff (appellee) since she had neither made any effort whatsoever to obtain and tender into court the corporate stock in question nor had she secured from G. V. Landers an assignment to her of said stock. This point of error must be sustained under the undisputed facts in the cause and also under appellee's pleadings.

"Also, he [seller] may sue for the purchase price where he has made an offer or tender of delivery, at least where the tender was made with intent to pass title.

"On the other hand, ordinarily the seller cannot recover the price unless there has been a delivery which complied with the contract, or unless at the time for delivery he was ready and able to deliver, and made a proper and sufficient tender or offer; * *." 78 C.J.S., Sales, § 439 b, P. 56.

Even the authorities cited by appellee as supporting her cause of action reveal a tender of the corporate stock as a condition precedent to recovery of judgment for the price thereof, to-wit:

"The shares of stock were tendered into court by appellees and the judgment directs the Clerk of the Court to deliver said shares to appellant * * upon satisfaction of the judgment." Smith v. Ratliff, Tex.Civ.App., 157 S. W.2d 945, [1].

Appellant's third point of error is that the trial court, in any event, erred in applying an improper measure of damages in the cause. This point must likewise be sustained. In Seagraves v. Wallace, (Wallace v. Seagraves), 41 F.2d 679, 681, [under Syl. 1–2], is found the following rule as to the measure of damages as to breach of an executory contract for sale of shares of capital stock.

"If, at the time of the breach by the buyer in an executory contract for the sale of goods, the subject of the contract is in deliverable condition according to the terms of the contract, *and the seller is able and willing to fully perform on his part,* he may store or retain the property for the buyer and sue him for the entire purchase price, or he may retain the property and recover the difference between the contract and the market price, or resell the property and recover the difference between the amount realized at the sale and the contract price and the expenses of the sale."

This cause cites the Supreme Court of Texas and other authorities and further states that the above rule is in harmony with Texas decisions.

▰ The record in this cause reveals that the original seller had transferred all his rights under the written contract to the appellee, without recourse. The appellee, as transferee of the seller's rights under the contract, was not transferred the stock of the corporation and was neither able nor willing to fully perform the contract on her part. The record reveals without dispute that appellee was not in possession of the stock or even making any claim of ownership thereto and therefore was not in a position to store or retain the stock for the buyer as a condition precedent to suing for the entire purchase price. Further, since appellee did not have the stock in her possession or make any claim thereto, she was not in a position to retain the stock and recover the difference between the contract price and the market price, or resell the stock and recover the difference between the amount realized at the time of the sale and the contract price and the expenses of the sale. Neither appellee's pleadings nor proof bring her within any of the applicable legal rules permitting recovery of the contract price of the shares of stock. Appellant's third point of error must be sustained. Seagraves v. Wallace, supra; Smith v. Ratliff, supra.

There is no evidence to support the trial court's findings of fact and conclusions of law upon which judgment was rendered for appellee. In any event, the evidence in the cause is wholly insufficient to support the trial court's findings of fact and conclusions of law under which judgment was rendered for appellee. Appellant's fifth, sixth and seventh points are sustained.

▰ A ruling is not required on appellant's fourth point as the above matters require a reversal of the cause of action. The record also reveals fundamental error. All the pleadings filed by appellee, as plaintiff in the trial court, are signed solely by plaintiff's attorney of record who was and is a judge retired from this Court and receiving retirement pay under Art. 6228b. Article 6228b, § 7, Vernon's Ann.Civ.St., provides as follows:

"Judges retired under the provisions of this Act shall be judicial officers of the State, and during the time they are receiving retirement pay shall not be allowed to appear and plead as attorneys at law in any Court of record in this State, * * *."

The above provision of the statute clearly prohibits retired judges, during the time they are receiving retirement pay, from appearing and pleading as attorneys at law in any Court of record in this state. 5 Tex.Jur., Page 409, Section 6 at Page 410 states the following rule:

"Pleadings signed by an officer prohibited from practicing should be treated as a nullity; * * *."

McAllen v. Raphael, Tex.Civ.App., 96 S.W. 760, 2nd Column at page 766. Since the pleadings filed by appellee as plaintiff in the trial court are a nullity, such pleadings cannot support the judgment of the court and there was no legal appearance by an attorney for plaintiff in said cause. Davis v. Wildenthal, Tex.Civ.App., 241 S.W.2d 620, Syl. 1.

Appellant's first, second, third, fifth, sixth and seventh points of error are sustained. The judgment of the trial court is reversed and the cause is remanded.

PITTS, C. J., not participating.