Edward W. Napier, Lubbock, for appellant.

Allison, Mann & Allison, Levelland, for appellees.

DENTON, Chief Justice.

This is a suit for the breach of a written contract under which appellees, Max M. Bowers and Don Samford d/b/a Bowers & Samford, agreed to sell and appellant, J. B. Marion Company, agreed to purchase the 1961 cotton crop of appellees at 30.40 cents per pound. The case was submitted to a jury upon special issues. The jury's answers were favorable to appellees' contentions and the trial court rendered judgment in their favor.

Appellees harvested a total of 230 bales of cotton on their farm under contract

**J. B. MARION d/b/a J. B. Marion Company,**
**Appellant,**

v

**Max M. BOWERS et al., Appellees.**

**No. 7284**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 23, 1963.

Rehearing Denied Oct. 21, 1963.

with appellant. Appellant accepted the first 53 bales and paid the contract price, but refused to accept the remaining 177 bales. It is this alleged breach that provoked this lawsuit. No questions have been raised relative to the validity of the contract or the breach thereof by appellant. The primary question to be determined has to do with whether or not the correct measure of damages was applied. It is the contention of appellant that the trial court erred in failing to obtain a jury finding as to the fair market value of the cotton at the time of the breach at the place of delivery. In response to a special issue, the jury found appellees "exercised ordinary care to sell such 177 bales of cotton for the best price obtainable".

■ It is well settled in this state that where a purchaser has wrongfully refused to accept delivery of property, the seller has a choice of three remedies. Waples v. Overaker, 77 Tex. 7, 13 S.W. 527; Leventhal v. Hollamon, (Tex.Civ.App.), 165 S.W. 6, (Error Refused); Avant v. Watson, 57 Tex.Civ.App. 304, 122 S.W. 586; Sour Lake Townsite Company v. B. Deutser Furniture Company, 39 Tex.Civ.App. 86, 94 S.W. 188, (Error Refused). In such a case the seller may hold the goods as the property of the buyer and sue for the contract price; or he may sell them at a fair sale and sue for the deficiency; or he may treat them as his own and sue for the difference between the contract price and their market value on the date fixed for delivery. White v. Matador Land & Cattle Company, 75 Tex. 465, 12 S.W. 866; Smith v. Ratliff, (Tex.Civ.App.), 157 S.W.2d 945; Gugenheim v. Hancock, (Tex.Civ.App.), 231 S.W.2d 935, (Refused, NRE); Clearview Louver Window Corp. v. Rubin Glass and Mirror Company, (Tex.Civ.App.), 284 S.W.2d 221, (Refused, NRE); 37A Tex. Jur., Sales, Section 267, page 552.

■ Appellees elected to pursue the second remedy outlined above by selling the rejected cotton at a fair sale and suing for the difference between the proceeds of the sale and the contract price. Appellee Bowers testified that five different cotton buyers in the area were contacted and that the rejected cotton was sold for 29.10 cents per pound, the highest price obtainable. The pleadings and evidence are sufficient to support the jury finding.

The judgment of the trial court is affirmed.

Affirmed.