**J. B. MARION d/b/a J. B. Marion and Company, Appellant,**

v.

**Herbert L. CADENHEAD and Max M. Bowers, Appellees.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1964.

Rehearing Denied March 16, 1964.

Edward W. Napier, Lubbock, for appellant.

Allison, Mann & Allison, Levelland, for appellees.

NORTHCUTT, Justice.

This is a suit for the breach of a written contract where the appellees, Herbert L. Cadenhead and Max M. Bowers, contracted to sell to appellant, J. B. Marion, individually and d/b/a as J. B. Marion and Company and appellant agreed to purchase the 1961 cotton crop of appellees at 30.40 cents per pound. The case was submitted to a jury upon special issues. The jury answers were favorable to appellees' contentions and the trial court rendered judgment for the appellees. From that judgment appellant perfected this appeal.

A portion of the cotton harvested was accepted by the appellant but 108 bales of the cotton contracted for was refused by appellant. This appeal is perfected upon one assignment of error as follows:

"In an action for breach of contract to purchase cotton and plaintiff seller elects to sue for the difference between the contract price and the fair market value of the cotton, the burden is upon the plaintiff to plead, prove and secure a jury finding (1) that the fair market value of the cotton at the time and place of breach is less than the contract price and (2) what the fair market value was."

It is to be noticed that appellees did not sue for the difference between the contract

price and the market value but sued for the difference in the contract price and the best and most favorable price that appellees could secure for said cotton. The jury found appellees exercised ordinary care in selling the 108 bales of cotton in question. Mr. Cadenhead testified about contacting other cotton buyers and got various quotations on what cotton was selling for and that he got the best price he could find available.

The identical question raised here was brought forward in the case of Marion d/b/a J. B. Marion Company v. Bowers, Tex.Civ.App., 371 S.W.2d 575 where it was held as follows:

"It is well settled in this state that where a purchaser has wrongfully refused to accept delivery of property, the seller has a choice of three remedies. Waples v. Overaker, 77 Tex. 7, 13 S.W. 527; Leventhal v. Hollamon, (Tex.Civ.App.), 165 S.W. 6, (Error Refused); Avant v. Watson, 57 Tex. Civ.App. 304, 122 S.W. 586; Sour Lake Townsite Company v. B. Deutser Furniture Company, 39 Tex.Civ.App. 86, 94 S.W. 188, (Error Refused). In such a case the seller may hold the goods as the property of the buyer and sue for the contract price; or he may sell them at a fair sale and sue for the deficiency; or he may treat them as his own and sue for the difference between the contract price and their market value on the date fixed for delivery. White v. Matador Land & Cattle Company, 75 Tex. 465, 12 S.W. 866; Smith v. Ratliff, (Tex.Civ.App.), 157 S.W.2d 945; Gugenheim v. Hancock, (Tex. Civ.App.), 231 S.W.2d 935, (Refused, NRE); Clearview Louver Window Corp. v. Rubin Glass and Mirror Company, (Tex.Civ.App.), 284 S.W.2d 221, (Refused, NRE); 37A Tex.Jur., Sales, Section 267, page 552. "Appellees elected to pursue the second remedy outlined above by selling the rejected cotton at a fair sale and suing for the difference between the proceeds of the sale and the contract price."

We are of the opinion and so hold the case just cited and the authorities therein are determinative of the issue here involved and overrule appellant's point of error. Judgment of the trial court is affirmed.