**J. B. MARION d/b/a J. B. Marion & Company, Appellant,**

v.

**J. D. HAWTHORNE, Appellee.**

**No. 7332.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 24, 1964.

On Rehearing April 6, 1964.

Rehearing Denied April 27, 1964.

Edward W. Napier, Lubbock, for appellant.

Allison, Mann & Allison, Levelland, for appellee.

CHAPMAN, Justice.

This is an appeal by J. B. Marion d/b/a J. B. Marion Company from a judgment based upon a jury verdict for damages for breach of a written contract made on October 5, 1961, to purchase at 30.4 cents per pound all the cotton J. D. Hawthorne would grow on specified land for 1961 having 336 acres of cotton; and would harvest, gin, and deliver to appellee. He purchased approximately 260 bales then refused to accept the remainder of 282 bales. Appellee elected to sell the cotton at a fair sale and sue for the difference.

The case was submitted to a jury upon special issues, which were all answered in favor of appellee. Appeal is from the judgment based upon such verdict and presents two points as alleged error.

The first point is essentially the same as that raised by the same party in our court in syl. 1 of J. B. Marion d/b/a J. B. Marion Company v. Bowers, Tex.Civ.App., 371 S.W.2d 575, and in numerous other appeals to our court by the same appellant, some of which are not yet reported. We have previously disposed of the point in other cases and here refer to the cited case and the authorities there cited for a proper disposition of the point.

The second point asserts error in refusing certain requested special issues. The issues tendered were en masse issues; i. e., (1) did the placing of the cotton on the ground result in substantial loss to the grade and (2) did plaintiff unreasonably delay tendering the cotton in question to the defendant.

Where more than one issue is embraced in a single request, the trial judge in determining whether a particular issue should be given or refused etc. must consider whether all others should be given or refused etc., else he must rewrite them in order to make the required separation and proper endorsement of his action on each if one or more of the issues should not have been given. Therefore, when one or more of the special en masse issues should not have been given, the trial court is justified in refusing to give any of them. Texas General Indemnity Co. v. McNeill, Tex.Civ. App., 261 S.W.2d 378 (N.W.H.); Walton v. West Texas Utilities Co., Tex.Civ.App., 161 S.W.2d 518. (Refused WM).

The court gave an issue inquiring if appellee exercised ordinary care to deliver his grade cards, which are the facsimile of the cotton, to appellant and if plaintiff for his own benefit delayed tender of the cotton to the defendant. Therefore, the second issue of the two tendered together should not have been given because the fact inquired about was already in the charge.

"It is well settled that special issues are to be submitted separately and distinctly and not generally or in groups or combinations." Thompson v. Robbins, 157 Tex. 463, 304 S.W.2d 111.

For all these reasons, we hold the failure of the court to submit the issues in the form tendered was not reversible error.

Accordingly, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Following appellant's motion for rehearing, we have given further study to the wording of Special Issue 5 in the court's charge and have concluded we were in error in holding in our original opinion of February 24, 1964, that the issue was sufficient.

■ Plaintiff pleaded " * * * the price for which said cotton was sold was less than the contract price and was the best and most favorable price that plaintiff could secure for said cotton." Special Issue 5 only inquired if plaintiff exercised ordinary care in selling the cotton. Neither in said issue nor in any other issue in the charge did the trial court inquire if the rejected cotton was sold for a fair price, the market price or the best price obtainable. The jury could have speculated that exercising ordinary care in selling the cotton would have been complied with by selling it immediately after it was rejected, as soon as convenient or waiting until the price arose again. The issue does not conform to the case pleaded, is speculative and insufficient for the jury to find from the inquiry if the rejected cotton was sold for a fair price, the market price, or the best price obtainable as required by the authorities. Clearview Louver Window Corporation v. Rubin Glass & Mirror Company, (Tex.Civ. App.), 284 S.W.2d 221 (N.R.E.); Gugenheim v. Hancock, (Tex.Civ.App.), 231 S.W. 2d 935 (N.R.E.); Smith v. Ratliff, (Tex. Civ.App.), 157 S.W.2d 945 (N.W.H.); Marion v. Bowers, (Tex.Civ.App.), 371 S.W.2d 575 (N.W.H.).

■ Appellant properly objected to the form of the issue before the case was submitted to the jury and preserved the point in his motion for new trial. Since it was an issue relied upon by the opposing party, it was not necessary for him to tender an issue in substantially correct wording. Rule 279 Vernon's Ann.Tex.Rules.

Accordingly, our opinion of February 24, 1964, is set aside, the judgment is reversed and remanded for a new trial and all costs are assessed against appellee.