**J. M. RECTOR, Jr., Individually and d/b/a Ponderosa Mills of Mexico, Petitioner,**

**v.**

**Gregorio DE ARANA, Respondent.**

**No. A–10607.**

Supreme Court of Texas.

Jan. 19, 1966.

Rehearing Denied March 2, 1966.

R. H. Feuille, El Paso, for petitioner.

Texas S. Ward, Gerald B. Shifrin, El Paso, for respondent.

GRIFFIN, Justice.

Gregorio De Arana, as plaintiff, sued J. M. Rector, Jr., d/b/a Ponderosa Mills of Mexico, as defendant, in a district court of El Paso County, Texas, for damages resulting from a breach of a contract where-

in Rector agreed to purchase from De Arana 1,000,000 board feet of mill run lumber f. o. b. La Mesa Huracan, Mexico, at the price of $60.00 per 1000 board feet. After a jury trial and based on the jury's answers to special issues, the trial court rendered judgment in favor of De Arana against Rector for $20,680.00. On appeal to a Court of Civil Appeals that court required De Arana to make a remittitur of $1,574.95 as a condition of having the trial court's judgment affirmed. De Arana made the remittitur as required, whereupon the Court of Civil Appeals affirmed the trial court's judgment in the sum of $19,113.05. 385 S.W.2d 503.

We reverse the judgment of the Court of Civil Appeals and remand the case to that court for determination of the amount of remittitur consistent with this opinion.

The contract covered the sale and purchase of 1,000,000 board feet of "mill run" lumber. Those provisions involved in this cause are the following:

Paragraph three provided that the lumber should be shipped from the sawmill [at La Nortena] to a designated loading place in La Mesa Huracan, Chihuahua, "and loaded for its exportation from that point."

Paragraph four reads: "The price of $750,000 MM (Mexican money) f.o.b. La Mesa, #4 and better mill run, including normal percentage of molding and better."

On April 29, 1958, when the contract was signed, De Arana had stored in his sawmill yard at La Nortena, Mexico, approximately 1,700,000 board feet of lumber with which to fulfill his contract. A Mr. Kent, representing Ponderosa Mills, had made a visual inspection of this stacked lumber at La Nortena prior to the execution of the contract. The lumber was to be delivered to Rector d/b/a Ponderosa Mills in four lots of 250,000 board feet each. Ponderosa had a representative at La Mesa Huracan to inspect and assist in the separation of the lumber. De Arana had the first 250,000 board feet of lumber at the railroad siding by May 25, 1958. Jesus Godina, Ponderosa's representative at La Mesa, refused to accept the lumber because he claimed it was not of the quality called for by the contract. Mr. Wurm, Ponderosa's general manager, refused to accept and pay for the lumber. Ponderosa refused to accept and pay for any part of the 1,000,000 board feet of the lumber on the same grounds. It is undisputed that Mr. De Arana had in his yard at La Nortena more than 750,000 board feet of lumber of the same grade and quality as the initial 250,000 board feet and that he was willing and able to fulfill his contract. The case was tried to a jury and in answer to Special Issue No. One, the jury found that the lumber tendered by De Arana to Ponderosa Mills was of the grade and quality called for in the contract. That finding has not been attacked. Therefore, Ponderosa Mills is before the Court as having wrongfully failed to carry out its contract to purchase the 1,000,000 board feet of lumber from De Arana.

The trial court submitted only three issues to the jury and there were no objections on the part of either party. In answer to Issue No. One, the jury found the lumber tendered fulfilled the requirements of the contract as to grade and quality. Issue No. Two asked the market value of the 250,000 board feet of the lumber transported to La Mesa Huracan "immediately after the defendant rejected same." The jury answered, $9,830.00," which is the same as $39.32 per thousand board feet. In answer to Issue No. Three, the jury found the market value of $39.32 per thousand board feet for the 750,000 board feet "remaining to be transported to La Mesa Huracan immediately after defendant" rejected the 250,000 board feet. This total for the 750,000 board feet was $29,490.00. The sum total was $39,320.00.

The trial court rendered judgment for plaintiff De Arana for $20,680.00, which was the difference in the contract price of $60,000.00 and the market value of $39,320.00 of the 1,000,000 board feet at La Mesa Huracan, immediately after the defendant

Ponderosa Mills breached its contract to purchase this lumber.

■ Under the facts of this case, the trial court tried the case and rendered judgment based on the correct measure of damages, i.e., the difference between the contract price and the fair market value at the time and place of delivery. Sour Lake Townsite Co. et al. v. B. Deutser Furniture Co. (1906), 39 Tex.Civ.App. 86, 94 S.W. 188, writ refused; J. B. Marion, etc. v. Cadenhead et al. (Tex.Civ.App., 1964), 376 S.W.2d 807, no writ history; and Smith v. Ratliff (Tex.Civ.App., 1942), 157 S.W.2d 945, no writ history; 51 Tex.Jur.2d 275, § 457.

Upon appeal to the Court of Civil Appeals, the defendant Ponderosa Mills, as appellant, had an assignment that there was "no evidence" to support the jury's answers to Issues Nos. Two and Three finding $39.32 as such market value. In addition, Ponderosa had an assignment that the jury's answers to the two issues were so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. The Court of Civil Appeals analyzed all the evidence and said "that the jury's answers to Special Issues Nos. 2 and 3 placed a lower valuation on the lumber at the time in question than the values presented to the jury in any testimony." After discussing the evidence, the Court of Civil Appeals " * * * concluded that appellant's Points of Error Nos. 1 and 2, based upon 'no evidence', must be overruled," but sustained the appellant's points of error "that the jury's answers to Special Issues Nos. 2 and 3 are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust." Having made this holding, the Court of Civil Appeals said that since this was true, the trial court's judgment for plaintiff De Arana was excessive, and it proceeded to calculate the amount of remittitur it should require as a condition to affirmance of the trial court's judgment. Adams v. Houston Lighting &

Power Co., 158 Tex. 551, 314 S.W.2d 826 (1958); Carter v. Texarkana Bus Company, Inc., 156 Tex. 285, 295 S.W.2d 653 (1956). It calculated the remittitur as $1,574.95. The plaintiff filed the remittitur and the trial court's judgment was reduced in this amount and the judgment affirmed in the sum of $19,105.05. The Court of Civil Appeals arrived at this figure by subtracting from the contract price of $60,000.00 the "amount of money subsequently received by appellee (De Arana) for the lumber, less cost of transportation to market * * *."

■ Ponderosa Mills, as petitioner in this Court, has not brought forward its "no evidence" point, therefore, we have no jurisdiction to rule on it. It complains that the Court of Civil Appeals used the wrong rule of law as to the measure of damages. We sustain this point.

■ The Court of Civil Appeals having found that the jury's answers as to market value of the lumber are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust and that this results in the trial court's judgment being excessive, it is the duty of the Court of Civil Appeals to determine the amount of such excess.

■■ The amount of the remittitur to be required should be any excess over the difference between the contract price of $60.00 per thousand board feet f. o. b. La Mesa and a figure representing fair market value found by the Court to have support in evidence of probative force and which, in the opinion of the Court, is not contrary to the weight and preponderance of the evidence. Adams v. Houston Lighting & Power Co., 158 Tex. 551, 314 S.W.2d 826 (1958) and authorities therein cited; Houston Belt & Terminal Ry. Co. v. Lynch et al (Comm. of Appeals) 221 S.W. 959; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993 (1916). Generally, the contract price is not the market value of the property unless the evidence supports such finding. St.

Louis & S. F. Ry. Co. v. Blocker (Tex.Civ. App., 1911), 138 S.W. 156, writ refused; Felker v. Hyman (Tex.Civ.App., 1911), 135 S.W. 1128, 1130, no writ history.

If the evidence shows no market value at La Mesa immediately on purchaser's default, then the fair market value at the nearest market, less reasonable transportation costs from La Mesa to such market will determine the figure to be deducted from the contract price to arrive at seller's damages.

The cause is remanded to the Court of Civil Appeals to determine the amount in which the trial court's judgment is excessive, consistent with this opinion.