**HENRY S. MILLER CO., Appellant,**

v.

**Walter H. STEPHENS, Appellee.**

**No. 19951.**

Court of Civil Appeals of Texas, Dallas.

Aug. 14, 1979.

Rehearing Denied Sept. 19, 1979.

Harold Hoffman, Donald C. McCleary, Wynne & Jaffe, Dallas, for appellant.

Bill C. Hunter, Hunter, Stewart, Salzberger & Vineyard, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

AKIN, Justice.

This is an appeal by Henry S. Miller Company, the vendee, from a judgment granting specific performance of a real estate contract of sale in favor of the vendor, appellee Walter H. Stephens. Appellant Henry S. Miller Company contends that the trial court erred in granting specific performance because the vendor did not hold title to the land at the time of trial. We agree with appellant and reverse the trial court's judgment.

The contract in question was for the sale of approximately 490 acres of land in Travis County, Texas, between Stephens as vendor and Henry S. Miller Company as vendee.

The contract was executed on September 13, 1973, and the sale was to close on or before July 1, 1974. Henry S. Miller Company refused to close, however, and appellee Stephens brought suit for specific performance. Appellee held the land for approximately two years after the closing date. Six weeks prior to trial, however, appellee lost title to the land through a foreclosure sale and title was transferred to Travis Lake Properties, Ltd. Travis Lake Properties was not a party to this lawsuit. Despite appellee's lack of title and the absence of Travis Lake Properties as a party to the suit, the trial court granted specific performance of the land sale contract and ordered appellant Henry S. Miller Company to pay the contract purchase price of $1,446,531.00.

When a party seeks specific performance, he is required at all times to remain ready, willing and able to perform his contractual responsibilities according to the terms of the contract. *Kluck v. Leuschner,* 70 S.W.2d 768, 769 (Tex.Civ.App.—Waco 1934, writ ref'd) (*per* Alexander, J.). Both parties agree that specific performance will not usually be ordered for the vendor unless he has legal title to the property at the time of trial. *E. g., Buhler v. McIntire,* 365 S.W.2d 237, 239 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.); *Clifton v. Charles,* 53 Tex.Civ.App. 448, 116 S.W. 120, 122 (1909, writ ref'd). Appellee maintains, however, that an exception to these rules applies if the vendor loses title after the closing date but prior to trial and the vendor's loss was due to a contingency, known to both parties at the time of contract, which the vendee caused or could have prevented. In this respect, appellee argues that Henry S. Miller Company failed to close the sale and refused to make a cash payment to appellees which was due at the closing. Appellee claims that this payment was designed to provide the funds required to prevent foreclosure and that Miller also failed to take any other steps to prevent the foreclosure. Thus, appellee argues that these failures on appellant's part directly caused the foreclosure, and therefore appellee falls within the exception to the require-

ment that a vendor seeking specific performance must hold title at the time of trial. In support of its position, appellee relies on *Fant v. Howell,* 410 S.W.2d 294 (Tex.Civ.App.—Austin 1966, writ dismd.), and *Manley v. Holt,* 161 S.W.2d 857 (Tex. Civ.App.—Amarillo 1942, writ ref'd w.o.m.).

These cases do not support the proposition that a vendor seeking specific performance will be excused from holding title at the time of trial if the vendee *could* have prevented the vendor's loss of title. They stand for the significantly different proposition that the vendor will be excused if the loss of title occurred as a result of a contingency or obligation assumed directly by the vendee. In *Fant v. Howell, supra,* both parties knew at the time of contract that third parties were holding adverse possession to the land. After the vendee took possession of the land, the third parties' title by adverse possession ripened. The court held that the vendor was not precluded from bringing an action for specific performance, despite the loss of title to the land, because the vendee was responsible for the loss of title through adverse possession. In *Manley v. Holt, supra,* the vendee expressly assumed the obligation to pay the vendor's creditors. Foreclosure resulted when the vendee failed to make these payments. The *Holt* court also held that the vendor was not precluded from bringing an action for specific performance because the loss of title was caused by the vendee's failure to carry out his obligations.

The contract before us in this case does not contain any provision obligating the vendee to satisfy the vendor's creditors or otherwise prevent the vendor's loss of title. Consequently, the vendor was not relieved of the requirement that he hold title at the time of the trial of his specific performance action. Since appellee did not hold title, the trial court's judgment for specific performance was error. Accordingly, the judgment of the trial court is reversed. In the interest of justice, we remand rather than render, so that plaintiff may plead and prove whatever damages

that he may have. *Morrow v. Shotwell*, 477 S.W.2d 538, 542 (Tex.1972).