Roger W. KRAUS, and James D. Short, Appellants,

v.

Hugh SPENCER, Appellee.

No. 20463.

Court of Civil Appeals of Texas, Dallas.

April 22, 1981.

Rehearing Denied May 20, 1981.

James A. Baker, Dallas, for appellants.

Ronald W. Kessler, Meyers, Miller, Middleton & Weiner, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

Plaintiffs Roger W. Kraus and James D. Short sued defendant Hugh Spencer for breach of a contract to sell stock in two corporations and to sell certain partnership assets owned by the parties. Plaintiffs asserted in the trial court and also in this court that they are entitled to the payment of $30,030.00 required by the contract, as a matter of law. Defendant responded that the contract was subject to his being able to obtain financing as a condition precedent to his liability on the contract. Prior to submission of the case to the jury, plaintiffs moved for an instructed verdict on the ground that the evidence showed that they were entitled to judgment on the contract for $30,030.00 plus attorney's fees. This motion was denied. In answer to a special issue, the jury found that a condition precedent to defendant's liability existed in the nature of financing, upon which finding the judge rendered judgment for defendant. Plaintiffs appeal. We affirm because plain-tiffs failed to present evidence on damages upon which the trial judge could have rendered judgment in their favor. Thus, no reversible error is presented.

The relevant facts are undisputed. On July 24, 1978, plaintiffs offered to sell defendant their stock in two corporations, Wildacup Corporation and Focus Limited, and their rights in a partnership agreement. On July 28, 1978, defendant accepted this offer by letter, stating:

> Since our meeting of July 24, 1978, I have had the chance to consider your offer to sell me your interests in Wildacup Corporation and Focus Ltd., as well as whatever rights you might have in the Partnership Agreement dated October 15, 1977.
>
> . . . .
>
> By circumstances of this letter, therefore, I accept your offer to sell me all of your respective rights, title, and interest, present and future, in and to the Wildacup Corporation, Focus Ltd., and the Partnership Agreement dated October 15, 1972, [sic] for and in consideration of the total amount of your cumulative investment to date, plus 40% (calculated by you to be $30,030.00), to be paid within 30 days, *unless agreed to otherwise.* [Emphasis added.]

Defendant was subsequently unable to obtain financing to make the purchase and, consequently, never paid plaintiffs the $30,030.00. Plaintiffs then sued on the agreement, alleging that defendant was in breach thereof and praying for recovery of $30,030.00 as a debt, plus interest, costs, and attorney's fees. Plaintiff also pleaded for specific performance. Defendant answered with a general denial. In the jury trial which followed, defendant defended on the ground that his letter of acceptance did not fully set forth all of the terms of the agreement between the parties; that, in addition to the terms set forth in the letter, his duty to perform under the agreement was conditioned on his being able to secure financing, which condition did not occur; and that he was thus excused from his duty to perform.

The case was submitted to the jury on four special issues, three of which pertained to attorney's fees for plaintiffs' attorney, not germane to this analysis. The fourth special issue, requested by defendant, inquired:

Do you find from a preponderance of the evidence that Plaintiffs Kraus and Short agreed to sell and Defendant Spencer agreed to buy all rights, title and interest in and to the Wildacup Corporation, Focus, Ltd., and the Partnership Agreement dated October 15, 1977, for the sum of $30,030.00 if Defendant Spencer obtained the necessary funding?

The jury answered this issue affirmatively and the court rendered a take-nothing judgment in defendant's favor on this basis.

▮ Plaintiffs first argue that the submission of the issue was improper because the testimony to support it violated the parol evidence rule and permitted the jury to construe an unambiguous contract. Secondly, plaintiffs contend that the judge erred in denying their motion for an instructed verdict and in overruling their motion for judgment non obstante veredicto. Both motions were based on the ground that plaintiffs were entitled to judgment as a matter of law for $30,030.00, the consideration for which defendant contracted. We agree with the first contention but cannot agree with the second. With respect to the first contention, although the trial judge erred in submitting the issue, the error was harmless because the issue was immaterial to the resolution of the controversy. This is true because plaintiffs failed to plead and prove damages upon which the trial judge could have rendered judgment for plaintiffs. For the same reason, the trial judge did not err in refusing to grant plaintiffs an instructed verdict or a judgment non obstante veredicto.

▮ We turn now to plaintiffs' pleadings and proof. Plaintiffs pleaded for specific performance of the contract, but prayed that they recover the $30,030.00 debt, plus attorney's fees and interest. Plaintiffs apparently did not intend to pursue their plea for specific performance because no evidence was presented showing that plaintiffs still owned the stock or the interest in the partnership nor that they were willing and able to transfer them to the defendant. Such proof is a prerequisite to a decree of specific performance in favor of a vendor. *Henry S. Miller Co. v. Stephens*, 587 S.W.2d 491, 492 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

We now consider whether plaintiffs proved any other theory upon which judgment for them could have been rendered. In this respect, plaintiffs neither pleaded nor proved the proper measure of damages for breach of contract for the sale of stock and the interest in the partnership. In the first place, plaintiffs might have recovered the purchase price if they had made an offer or tender of delivery, i. e., if they had shown by evidence that they were willing and able to deliver. Second plaintiffs might have retained the stock and interest in the partnership contracted to be sold and recovered the difference between the contract price and the market value. Third, they might have sold the property and have recovered the difference between the amount for which the property was sold, plus expenses of sale, and the contract price. *Mulherin v. Brown*, 289 S.W.2d 609, 611 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.).

Neither did plaintiffs attempt to comply with Tex. Bus. & Com. Code Ann. § 8.107 (Vernon 1968) which provides:

(a) Unless otherwise agreed and subject to any applicable law or regulation respecting short sales, a person obligated to deliver securities may deliver any security of the specified issue in bearer form or registered in the name of the transferee or indorsed to him or in blank.

(b) *When the buyer fails to pay the price as it comes due under a contract of sale the seller may recover the price*
(1) of securities accepted by the buyer; and
(2) *of other securities if efforts at their resale would be unduly burdensome or if there is no readily available market for their resale.* [Emphasis added.]

The only evidence adduced by plaintiffs was the unambiguous contract and the breach of that contract. No attempt was made to prove anything other than this. Indeed, other than the above, the entire statement of facts concerns defendant's contention, which we have concluded violates the parol evidence rule and is immaterial to a resolution of this appeal.

Thus, our question is whether plaintiffs' evidence is such as to justify a judgment predicated upon the contracted price of $30,030.00. Apparently, plaintiffs considered this provision of the contract as establishing an indebtedness in that sum. Plaintiffs have cited no authority for this proposition and our research has disclosed none. Therefore, we hold that proof of a breach of contract and the price for which defendant contracted to pay, without more, does not entitle plaintiffs to a judgment for damages for the contracted sum.

Accordingly, since plaintiffs have failed to tender evidence upon which the trial judge could have rendered judgment in their favor, the judgment that plaintiffs take nothing from defendant must be affirmed.